## HUDSON COUNTY COURT OF QUARTER SESSIONS.

## THE STATE OF NEW JERSEY, COMPLAINANT-RESPONDENT, v. HUMBERT BETTI, DEFENDANT-APPELLANT.

Decided April 25, 1945.

For the state on behalf of complaining witness, *Wilbur L. Ross.*

For the defendant-appellant, *Nicholas S. Schloeder.*

DUFFY, Q. S. J.  Humbert·Betti, the appellant, was convicted in the Third Criminal Judicial District Court of Hudson County upon a complaint charging him with the violation of *R. S.* 2 :135–2; *N. J. S. A.* 2 :135–2, in that he, while a tenant in possession of certain store premises located in the Town of Guttenberg, did then have in his possession on said premises a device in the nature of a slot machine, which might be used for the playing of money or other valuable thing.

The defendant had waived his right to indictment and trial by jury, and after a hearing and the conviction aforesaid, was sentenced to pay a fine of $100.  From this conviction and judgment the defendant appealed to the Hudson County

Court of Quarter Sessions, pursuant to *R. S.* 2:214–14; *N. J. S. A.* 2:214–14, providing for a summary review.

The complaint and warrant, proceedings and record of conviction are brought up for review. As a part of such record there is a stenographic transcript of the testimony certified by the trial judge.

No substantial dispute as to the facts in the case exists. The sole question seems to be whether this evidence discloses a violation of the statute involved.

The statute in question (*R. S.* 2:135–2; *N. J. S. A.* 2:135–2) provides that "Any person who shall have or keep in his place of business, or other premises, any slot machine or device in the nature of a slot machine, which may be used for the playing of money or other valuable thing, shall be guilty of a misdemeanor."

The defendant, Humbert Betti, admitted that he was the owner and in possession of the confiscated machine on June 16th, 1943, at certain store premises located at 319 Seventieth Street, Guttenberg, Hudson County.

The machine was received in evidence in the court below. From the description thereof set forth in the record, it is very similar in design and operation to the machine so graphically described by Mr. Justice Perskie in *Hunter* v. *Teaneck,* 128 *N. J. L.* 164; 24 *Atl. Rep.* (2d) 553, save for one important feature. The machine under consideration in the instant case contained no device for the recording or the awarding of free games upon the achievement of a designated high score. Nor did it provide any means for recording or awarding a prize in money, tokens or otherwise. It did, however, require the insertion of a five-cent piece to release the balls for play.

Further, it was shown that by making certain mechanical changes in the machine itself, not, however, accessible to the player, the machine could be set for from one to three free plays, but there was no meter device for recording the pay-offs.

In *Stirling Distributors, Inc.,* v. *Keenan,* 135 *N. J. Eq.* 508; 39 *Atl. Rep.* (2d) 79, it was held that a slot machine providing for no free plays, prizes or the return of any money, is not a gambling device within the meaning of *R. S.* 2:135–2;

*N. J. S. A.* 2:135–2, even though the dominant element which determines the result is chance, not skill.

In *State* v. *Brandt,* 122 *N. J. L.* 488; 6 *Atl. Rep.* (2d) 203, our Supreme Court, in reversing the conviction of the defendant for the possession of a pinboard machine in violation of *R. S.* 2:135–2; *N. J. S. A.* 2:135–2, said:

"The charge of the indictment is the possession of a slot machine which might be used for the purpose of playing for money, &c. There is no allegation that it was used for such unlawful purpose. In the record there is no evidence that it could be. It is readily perceived, of course, that such machine could be used for gambling. But the statutory phrase "may be used" connotes possibility of use or probability of use at best. The record contains no evidence even of the likelihood of such illicit use of the machine. * * * We reverse the conviction on the ground that no evidence whatsoever is in the case before us that the machine "may be used" for gambling. There is nothing by way of proof that this machine or any other of its kind was ever so used or that it could be, and this we think a fatal defect and requires a reversal of the judgment."

The case of *Hunter* v. *Teaneck, supra,* is readily distinguishable. The machine therein considered had a meter which recorded games paid off, *i. e.,* free games won by the player which were paid off, but for which, in lieu of further play, he might receive compensation and money upon demand.

Therefore, the only novel question requiring determination in this case is the one arising out of the fact that the present machine could be arranged to provide from one to three free games by the making of certain mechanical changes thereon. The consequent query is whether by reason thereof the machine falls within the prohibition of the statute.

It must be borne in mind that the action condemned by *R. S.* 2:135–2; *N. J. S. A.* 2:135–2, is the possession of a slot machine, or device in the nature of a slot machine, which may be used for the playing of money or other valuable thing. Thus, the primary consideration for determination is whether the machine or device, whatever its scope or nature, is the inducing cause to gambling for money or other valuable thing.

That players may bet on the outcome of the machine in question is not determinative, since bets may be placed by those who would on almost any occurrence, *Stirling Distributors, Inc.,* v. *Keenan, supra.*

After careful consideration of the record under review, it is my opinion that the machine in question is not such a gambling device. As said by the Court of Appeals of New York in *People* v. *Jennings,* 257 *N. Y.* 196; 177 *N. E. Rep.* 419, in deciding that a machine of this general character, operated in a similar manner, was not a gambling device: "the only chance connected with the operation of the machine is that wit or humor may momentarily brighten up the vacuous minds hunting amusement."

In like manner, the United States Circuit Court of Appeals in the case of *Davies* v. *Mills Novelty Co.,* 70 *Fed. Rep.* (*2d*) 424, 426, decided:

"These machines are lacking in the essential elements necessary to make them gambling devices or gambling machines. There is no element of gain or loss, financial or otherwise, involved in the transaction."

A similar conclusion was reached by the United States Court of Appeals for the District of Columbia in the case of *Washington Coin Machine Association* v. *Callahan,* 142 *Fed. Rep.* (*2d*) 97, in citing *In re Wigton,* 151 *Pa. Super.* 337; 30 *Atl. Rep.* (*2d*) 352, and other cases for the principle that the right or privilege to a second try or a replay for a high score on a machine of this kind is not a thing of material value and hence not property in the sense in which the word is used in defining a gambling device. The opinion concludes:

"Many similar additional cases to the same effect have been examined by us, the citation of which will add nothing to the reasoning, but which satisfy us that the balance of judicial opinion is on the side of construing the particular character of machine we are concerned with as not within the prohibition of the gambling laws."

The conviction of the defendant in the court below will therefore be set aside. It is my opinion that the machine in question is not violative of the statute, despite the fact that

adjustments might be made in its mechanism and operation whereby free games could be awarded upon the achievement of certain designated high scores. Such free games do not constitute a valuable thing within the meaning of *R. S.* 2:135–2; *N. J. S. A.* 2:135–2. As stated by the court *In re Wigton, supra*:

"If the player cannot get any other consideration or reward from his play except the right to play again, his incentive for playing must be a recreational or amusement incentive only."

The judgment under review will therefore be reversed.