773 A.2d 706

DO-WOP CORP., T/A RAZZLE DAZZLE FANTASY RUNWAY, PLAINTIFF-RESPONDENT, v. CITY OF RAHWAY, DEFENDANT-APPELLANT.

Argued March 27, 2001—Decided June 29, 2001.

192

*Louis N. Rainone* argued the cause for appellant (*DeCotiis, Fitzpatrick, Gluck, Hayden & Cole,* attorneys; *Mr. Rainone and Anthony C. DeFelice,* on the brief).

*Stephen E. Milazzo* argued the cause for respondent (*Milazzo, Fortunato, McCann & Murray,* attorneys).

The opinion of the Court was delivered by

COLEMAN, J.

This case involves licensing provisions of the Code of the City of Rahway. Pursuant to that Code, individuals and commercial establishments that operate adult-oriented businesses are required to obtain annual licenses. The critical issue raised in this appeal is whether a statute that changed plaintiff's sexually-oriented business from a licensed conforming use to a nonconforming use has been "grandfathered" by virtue of the Municipal Land Use Law (MLUL), *N.J.S.A.* 40:55D-68. The trial court and the Appellate Division concluded that plaintiff is protected by the MLUL. We disagree and reverse.

I.

Plaintiff, Do Wop Corporation, trading as Razzle Dazzle Fantasy Runway (Do Wop), and its predecessor, commenced operating an adult entertainment establishment on Route 1 in Rahway in March 1991 after obtaining the required licenses. Do Wop became the operator in May 1993. Do Wop's business consists of "dancing meant for adult entertainment, sales of adult books and videos, and [the] operation of [an] adult amusement center."

When plaintiff's predecessor opened the business in 1991, the Rahway Code did not impose on it minimum distance requirements with respect to other adult entertainment centers, schools,

places of worship, or residential neighborhoods. That changed before Do Wop's 1993 license expired on December 31, 1993.

On August 23, 1993, Rahway passed Ordinances A–44–93 and A–45–93. Ordinance A–44–93 amended Chapter 72–6, Article II of the Code of the City of Rahway to add:

D) No application shall be approved if the property where the proposed activity is for the purposes of exhibiting nudity for entertainment or amusement purposes, establishing an Adult Entertainment Center, or establishing an Adult-only Books/Video Store, and is located within 1000 feet of any such adult entertainment or amusement use or within 1000 feet of any residential zone, church, designated public park, playground, and/or recreation facility, public institution or other public place and/or public school, and/or school bus stop. Such activity shall only be permitted in the I–1 Industrial Zone.

E) Amortization of nonconforming uses. As to those establishments which are operating as of the date of passage of this Ordinance, they shall become unlawful two years following the passage of the Ordinance.

[*Rahway, N.J., Code* ch. 72–6, art. II (1993).]

Similarly, Ordinance A–45–93 amended Chapter 73–3(g) of the Code of the City of Rahway to read:

G) No application shall be approved if the property where the proposed activity is for the purposes of an Adult Amusement Center, games or devices and is located within 1000 feet of any other such Adult Entertainment or Amusement Center or within 1000 feet of any residential zone, church, designated public park, playground and/or recreation facility, public institution or other public place and/or public school, and/or school bus stop. Such activity shall only be permitted in the I–1 Industrial Zone.

[*Rahway, N.J., Code* ch. 73–3 (1993).]

Do–Wop's applications for renewal of its licenses for the years 1994 and 1995 were approved based on the two-year "amortization" provision contained in Ordinance A–44–93. By early 1994, two bills were introduced in the State Legislature that addressed many of the same concerns that had been addressed in Rahway's ordinances, including the need to reduce the number of sexually-oriented businesses. G.A. 252, 206th Leg., 2d Sess. (1995); G.A. 842, 206th Leg., 2d Sess. (1995). Both bills were enacted into law and became effective on September 15, 1995. *L.* 1995, *c.* 230, § 3 (codified at *N.J.S.A.* 2C:34–7 and amending *N.J.S.A.* 2C:34–2). In language similar to the pertinent language in the Rahway Code, *N.J.S.A.* 2C:34–7 provides in pertinent part:

Except as provided in a municipal zoning ordinance adopted pursuant to [*N.J.S.A.*] 2C:34–2, no person shall operate a sexually oriented business within 1,000 feet of any existing sexually oriented business, or any church, synagogue, temple or other place of public worship, or any elementary or secondary school or any school bus stop, or any municipal or county playground or place of public resort and recreation, or any hospital or any child care center, or within 1,000 feet of any area zoned for residential use.

[*N.J.S.A.* 2C:34–7a.]

The same legislation also amended *N.J.S.A.* 2C:34–2 to make clear that the enactment of *N.J.S.A.* 2C:34–7 did not change the existing obscenity law codified at *N.J.S.A.* 2C:34–2. *L.* 1995, *c.* 230, § 1.

The significance of *N.J.S.A.* 2C:34–7 is that it makes unlawful the operation of sexually-oriented businesses within the 1,000 foot buffer zones unless the municipality in which such a business is located has, through a zoning ordinance, permitted that operation within one or more of the buffer zones. Here, it is undisputed that Do Wop's facility is located within one of the buffer zones within 1,000 feet of a residential zone. It is also undisputed that Rahway has not enacted a zoning ordinance pursuant to *N.J.S.A.* 2C:34–2b and *N.J.S.A.* 2C:34–7a legalizing sexually-oriented businesses within the buffer zones.

Do–Wop hand-delivered a timely application to Rahway on December 27, 1995 for renewal of its licenses for theaters, indoor performances, and amusements for 1996. On the same day, Rahway advised Do Wop's attorney that the renewal application had been rejected based on Chapter 72–6 of the Rahway Code because the two-year amortization period for non-compliant uses had expired. The letter further stated that continued operation would be in violation of the Code. In response to that letter, Do Wop instituted the present litigation on January 17, 1996 seeking, among other things, a declaratory judgment that the 1993 ordinances violated the MLUL, and an order compelling Rahway to process its license-renewal application. Rahway filed a counter-claim, seeking to enforce the 1993 amendments to its Code and *N.J.S.A.* 2C:34–7a.

The trial court conducted a summary proceeding on January 28, 1998 and concluded that the applicable provisions of the Rahway

Code were invalid because they constituted an improper exercise of zoning power that did not adhere to the requirements of the MLUL. The trial court directed Do Wop to file its applications for renewal of its licenses for 1996, 1997, and 1998 within ten days. The court's decision was memorialized by an order dated June 23, 1998. After proper renewal applications were not filed by Do Wop within a year of the January 1998 proceeding, the June 1998 order was effectively amended by an order dated March 26, 1999, which required Do Wop to file "properly executed applications in the form supplied by the Rahway City clerk." That order also required each stockholder to be fully identified and fingerprinted. Again, Do Wop was given ten days to file proper renewal applications. When Do Wop failed to comply, the trial court issued an order on April 16, 1999 compelling Do Wop to cease operating its business.

Rahway appealed the June 23, 1998 order and Do Wop appealed the April 16, 1999 order. Both appeals were consolidated for disposition. The thrust of Do Wop's appeal was a challenge to the validity of the fingerprinting and disclosure requirements of the renewal applications. In an unpublished opinion, the Appellate Division affirmed the June 23, 1998 order substantially for the reasons expressed by the trial court. The Appellate Division reversed the April 16, 1999 order that enjoined Do Wop from operating its business because the trial court had not addressed the constitutional challenge to the fingerprinting and disclosure requirements. Those issues were remanded to the Law Division to be litigated. We granted Rahway's petition for certification, 165 *N.J.* 604, 762 *A.*2d 219 (2000), and now reverse.

## II.

### A.

The issues in this appeal have been framed by Do–Wop's assertions that the Rahway Ordinances, A–44–93 and A–45–93, are zoning ordinances because they pertain to the location of sexually-

oriented commercial establishments. According to Do Wop, the ordinances converted its business from a permitted use in the zone to a nonconforming use for two years and an illegal use thereafter. It maintains that those ordinances violated the MLUL in two respects. First, Do Wop asserts that the ordinances violate the MLUL's nonconforming use provision, *N.J.S.A.* 40:55D-68, which allows nonconforming uses to continue indefinitely after a use has been made nonconforming because of an amendment to the zoning ordinance. Second, Do Wop contends that even if the ordinances are valid, they were promulgated in violation of the procedural requirements of the MLUL. The trial court and the Appellate Division found Do Wop's arguments to be persuasive and ruled in its favor.

Rahway, on the other hand, takes an entirely different approach. Rahway's primary contention is that Do Wop's operation became an illegal establishment after September 15, 1995, when *N.J.S.A.* 2C:34-7 became effective, because that statute trumps the nonconforming use protection found in the MLUL, *N.J.S.A.* 40:55D-68. According to Rahway, *N.J.S.A.* 2C:34-7 prohibits Do Wop's operation because it is located within the 1,000 foot buffer zones and because no Rahway zoning ordinance authorizes such businesses within the buffer zones. Thus, Rahway contends that it properly denied Do-Wop's 1996 license-renewal application in December 1995, and that neither *N.J.S.A.* 2C:34-7 nor Rahway's ordinances are subject to the MLUL.

Rahway also contends that under the Appellate Division and Law Division holdings, all preexisting sexually-oriented businesses will be grandfathered under *N.J.S.A.* 2C:34-7, despite the fact that the statute does not provide for that treatment. Rahway submits that the net effect of such a holding will be to exempt all sexually-oriented businesses in operation prior to September 15, 1995 when *N.J.S.A.* 2C:34-7 became effective.

B.

The critical issue is whether *N.J.S.A.* 2C:34-7 can be the basis for a proper denial of Do-Wop's 1996 license-renewal application.

If so, then the 1993 ordinances become irrelevant to the analysis for the reasons discussed below. The plain language of *N.J.S.A.* 2C:34–7 provides that "no person shall operate a sexually oriented business ... within 1,000 feet of any area zoned for residential use." That statute is a declaration of state policy that is binding on all municipalities. It is undisputed that Do–Wop's facility is within 1,000 feet of a residential zone.

Do–Wop contends that because the Legislature made its facility non-compliant, it is entitled to protection under the MLUL, *N.J.S.A.* 40:55D–68. That statute permits a use to continue indefinitely after it has been rendered nonconforming by a zoning amendment. The statute more specifically provides that "[a]ny nonconforming use or structure existing at the time of the passage of an ordinance may be continued upon the lot or in the structure so occupied." *N.J.S.A.* 40:55D–68. Contrary to Do–Wop's assertion, that statute does not conflict with *N.J.S.A.* 2C:34–7. The plain language of *N.J.S.A.* 40:55D–68 protects only preexisting nonconforming uses from changes made in municipal zoning ordinances. It does not protect those uses from changes made in state regulatory statutes. Thus, we agree with the commentators who noted:

> [T]he protection afforded to pre-existing nonconforming uses by 40:55D–68 only protects such a use from prohibition pursuant to the zoning ordinance. The fact that a use is deemed to be permitted as a pre-existing nonconforming use pursuant to 40:55D–68 does not give that use immunity from the requirements imposed by other state laws and regulations that preempt the MLUL.
>
> [William M. Cox & Donald M. Ross, *New Jersey Zoning and Land Use Administration* § 11–1.2, at 236 (2000).]

*See also Mt. Bethel Humus Co. v. New Jersey Dep't of Envtl. Protection,* 273 *N.J.Super.* 421, 427–28, 642 *A.*2d 415 (App.Div. 1994) (holding that preexisting nonconforming use must conform with requirements of subsequently-enacted Freshwater Wetlands Protection Act); *Uncle v. New Jersey Pinelands Comm'n,* 275 *N.J.Super.* 82, 90, 645 *A.*2d 788 (App.Div.1994) (holding that Pinelands Commission regulation adopted pursuant to Pinelands Protection Act (Act) trumped MLUL's preexisting nonconforming use protection, because Act expressly provided that its implement-

ing regulations superseded MLUL when there was a conflict). As we observed two years ago, "*N.J.S.A.* 2C:34–7 is not a statewide *zoning* regulation for sexually oriented businesses, [but] it does constitute a statewide restriction on their location." *Township of Saddle Brook v. A.B. Family Ctr., Inc.,* 156 *N.J.* 587, 596, 722 *A.*2d 530 (1999). That is so because *N.J.S.A.* 2C:34–2 "expressly authorizes municipalities, at their option, to override the statutory limitation by [enacting] a local zoning ordinance more permissive than the state statute. Absent such an election by affected municipalities the statutory limitations will govern." *Ibid.* Because the preexisting use provision protects nonconforming uses only from subsequent municipal zoning ordinances, and not subsequent statutory changes, the prohibition in *N.J.S.A.* 2C:34–7 applies to Do–Wop's facility.

■ We recognize that Rahway's written rejection of Do Wop's license-renewal application did not refer to *N.J.S.A.* 2C:34–7 as a basis for its rejection. But it is well-settled that appeals are taken from orders and judgments and not from opinions, oral decisions, informal written decisions, or reasons given for the ultimate conclusion. *Heffner v. Jacobson,* 100 *N.J.* 550, 553, 498 *A.*2d 766 (1985); *Isko v. Planning Bd.,* 51 *N.J.* 162, 175, 238 *A.*2d 457 (1968), *abrogated on other grounds, Commercial Realty & Resources Corp. v. First Atl. Properties Co.,* 122 *N.J.* 546, 585 *A.*2d 928 (1991); *Ellison v. Evergreen Cemetery,* 266 *N.J.Super.* 74, 78, 628 *A.*2d 793 (App.Div.1993). It is clear from the record that Rahway has relied on *N.J.S.A.* 2C:34–7 in both of the courts below.

■ "Generally, a municipal corporation may not license acts that are prohibited by the penal laws of the state." 9 Beth A. Buday & Julie Rozwadowski, *The Law of Municipal Corporations* § 26.23.20 (Eugene McQuillin ed., 3d ed.1995). At least one reported New Jersey decision has followed that general rule. In *State v. Betti,* 21 *N.J. Misc.* 345, 34 *A.*2d 91 (Cty.Dist.Ct.1943), *rev'd on other grounds,* 23 *N.J. Misc.* 169, 42 *A.*2d 640 (Quarter Sessions 1945), the court concluded that "[t]he licensing of [a] pin

ball machine under the provisions of [a town] ordinance ... does not legalize its possession," which was criminal under a then-existing penal statute. *Betti, supra,* 21 *N.J. Misc.* at 351, 34 *A.*2d 91. This Court, by implication, adopted that general rule when it declared that "local government may not act contrary to State law." *Summer v. Township of Teaneck,* 53 *N.J.* 548, 554, 251 *A.*2d 761 (1969); *see also Auto–Rite Supply Co. v. Mayor & Township Committeemen of Woodbridge,* 25 *N.J.* 188, 194, 135 *A.*2d 515 (1957) (stating that municipal government may not authorize activity, such as selling certain merchandise on Sunday, that transgresses State law). Here, the Legislature has declared that operating a sexually-oriented business within the 1,000 foot buffer zones is violative of this State's public policy and has made it a fourth-degree crime unless authorized by a municipal zoning ordinance. *N.J.S.A.* 2C:34–7a and 7d. Rahway has not enacted such an ordinance. Do Wop offers no reason to deviate from the general rule. To do so would subvert the intent undergirding *N.J.S.A.* 2C:34–7, which is to curtail the number of sexually-oriented businesses. We conclude that *N.J.S.A.* 2C:34–7 gave Rahway the authority to deny Do Wop's license-renewal application.

### C.

As noted previously, because *N.J.S.A.* 2C:34–7 superceded subsection D of Ordinance A–44–93 three months before Do Wop's application for 1996 licenses was denied, we need not address whether that ordinance violates the MLUL. Suffice it to say that subsection D of that ordinance has no impact on this case.

Because of our holding that the denial of the application for renewal of Do Wop's licenses for 1996 was proper under *N.J.S.A.* 2C:34–7, the claim that the fingerprinting and disclosure requirements under Rahway's Code are unconstitutional becomes moot.

### III.

The judgment of the Appellate Division is reversed.

*For reversal*—Chief Justice PORITZ and JUSTICES STEIN, COLEMAN, LONG, VERNIERO and ZAZZALI—6.

*Opposed*—None.