941 A.2d 641 (2008)
398 N.J. Super. 259
Helen GAZZILLO, Plaintiff-Appellant/Cross-Respondent
v.
Robert GRIEB, Defendant-Respondent/Cross-Appellant/Third-Party Plaintiff
v.
South Hunterdon Regional Board Of Education, a body corporate organized and existing under the laws of the State of New Jersey, Third-Party Defendant.
Superior Court of New Jersey, Appellate Division.
Argued January 9, 2008.
Decided March 5, 2008.
Kenneth W. Thomas, argued the cause for appellant/cross-respondent Helen Gazzillo (Lanza & Lanza, attorneys; John R. Lanza, of counsel, Flemington; Mr. Thomas, on the brief).
David A. Gies, Trenton, argued the cause for respondent/cross-appellant Robert Grieb.
Before Judges WEFING, R.B. COLEMAN, and LYONS.
The opinion of the court was delivered by
WEFING, P.J.A.D.
Plaintiff appeals from a trial court order granting defendant's motion for summary judgment, and defendant has filed a cross-appeal. After reviewing the record in light of the contentions advanced on appeal, we reverse and remand for further proceedings and dismiss the crossappeal.
In July 2004 plaintiff and defendant were both employees of South Hunterdon Regional Board of Education. Plaintiff alleged that on July 20, 2004, when they were both on the premises of South Hunterdon. Regional High School, defendant sexually assaulted her. In October 2004 plaintiff filed a claim for workers compensation benefits and notified the police. In December 2004 plaintiff filed a motion seeking leave to file a late notice of claim under the Tort Claims Act, N.J.S.A. 59:8-9. Defendant was not a party to that proceeding. The trial court denied plaintiff's motion, finding plaintiff had not established extraordinary circumstances. Plaintiff appealed, and we affirmed in an unpublished opinion. Gazzillo v. Board of Education, No. A-3167-04T1, 2005 WL 3695758 (App.Div. Jan. 25, 2006). The Supreme Court denied plaintiff's petition for *643 certification. 186 N.J. 365, 895 A.2d 452 (2006). In August 2005, between the trial court's denial of plaintiffs motion to file a late notice of claim and this court's affirmance of that decision, defendant pled guilty to the crime of criminal sexual contact. N.J.S.A. 2C:14-3.
In July 2006 plaintiff filed the instant complaint against defendant individually. She did not name the school board as a defendant. Defendant moved for summary judgment, contending that plaintiff could not proceed against him because of the earlier denial of plaintiff's motion for leave to file a late notice of claim on the school board. The trial court, citing Velez v. City of Jersey City, 180 N.J. 284, 850 A.2d 1238 (2004), and Bonitsis v. N.J. Inst. of Tech., 363 N.J.Super. 505, 833 A.2d 679 (App.Div.2003), certif. denied, 180 N.J. 456, 852 A.2d 192, rev'd, 180 N.J. 450, 852 A.2d 188 (2004), agreed and granted defendant's motion. This appeal followed.
We agree, with plaintiffs contention that Velez and Bonitsis are both distinguishable from the present matter. The plaintiff in Velez was an employee of Jersey City who approached her councilman to seek his assistance in obtaining child support from her former husband. 180 N.J. at 286, 850 A.2d 1238. When his efforts were successful, she went to his office to thank him in person; she alleged that he refused her handshake and instead grabbed her to hug her, and fondled and groped her until she was able to break free. Id. at 286-87, 850 A.2d 1238. She filed suit against the City and the councilman, asserting a variety of claims, including assault and battery and violations of the Law Against Discrimination, N.J.S.A. 10:5-1 to -49. The trial court dismissed all of the plaintiffs common law claims based on her failure to file a tort notice of claim. Id. at 287, 850 A.2d 1238. This court reversed, holding, inter alia, that the conduct of the councilman, if true, constituted outrageous conduct which would deprive the councilman of his statutory immunity. Velez v. City of Jersey City, 358 N.J.Super. 224, 240, 817 A.2d 409 (App. Div.2003). On that basis, we concluded that the plaintiff was not required to file a notice of claim in order to maintain her suit. Ibid.
The Supreme Court, however, ruled that "a plaintiff must give a public entity written notice, pursuant to the Act, prior to filing a common law intentional tort action against a public employee." 180 N.J. at 286, 850 A.2d 1238. The Velez Court recognized that its decision was a new rule of law; it thus held that it was to be "applied prospectively to all similar causes of action accruing after the date of this opinion." Id. at 297, 850 A.2d 1238. Plaintiff Gazzillo was assaulted approximately three weeks after the Court rendered its decision in Velez.
The plaintiff in Bonitsis was an associate professor at the defendant Institute of Technology. 363 N.J.Super. at 510, 833 A.2d 679. He filed a multi-count complaint against the school and several of its professional employees, including counts asserting that two of the individual defendants had tortiously interfered with his contract of employment and had intentionally inflicted emotional distress upon him. Id. at 510, 833 A.2d 679. We affirmed the trial court's dismissal of these claims for failure to file a notice of claim. Id. at 511, 833 A.2d 679.
We reached this conclusion for several reasons. We noted that the language of the tort claims statute did not distinguish between negligent and intentional torts in its provision for serving a notice of claim. Id. at 520-21, 833 A.2d 679. We also recognized the underlying purpose of the statute's notice provisions.

*644 (1) to allow the public entity at least six months for administrative review with the opportunity to settle meritorious claims prior to the bringing of suit; (2) to provide the public entity with prompt notification of a claim in order to adequately investigate the facts and prepare a defense; (3) to afford the public entity a chance to correct the conditions or practices which gave rise to the claim; and (4) to inform the State in advance as to the indebtedness or liability that it may be expected to meet.
[Id. at 518, 833 A.2d 679 (quoting Beauchamp v. Amedio, 164 N.J. 111, 121-22, 751 A.2d 1047 (2000)) (internal citations omitted).]
We were satisfied that requiring a notice of a claim in the event of a claimed intentional tort by a public employee would further those underlying purposes. Id. at 521, 833 A.2d 679.
We consider it significant, however, that in both Velez and in Bonitsis, which the Velez Court cited so approvingly, the plaintiffs named a public entity as a defendant in the underlying litigation. Here, plaintiff makes no claim at all against the public entity; she seeks recovery only from her assailant.
In our judgment, depriving this plaintiff of an opportunity to pursue her claim against this defendant based upon her failure to serve a notice of claim would not further the purposes of the Tort Claims Act. There is no dispute that the public entity was advised of this assault shortly after it occurred. It had ample opportunity to take whatever corrective action it deemed appropriate in the circumstances. And, in light of fact that this defendant has entered a plea of guilty to a charge of criminal sexual contact as a result of this incident, indemnification by the public entity would seem uncertain at best. N.J.S.A. 59:2-10 ("A public entity is not liable for the acts or omissions of a public employee constituting a crime. . . .") Thus, the policy considerations that we noted in Bonitsis and that the Supreme Court in Velez characterized as "persuasive" do not come to bear in the present context.
Further, in both Velez and Bonitsis, the plaintiffs' claims arose as a result of the public nature of the individual defendants. The plaintiff in Velez approached a councilman for assistance; the plaintiff in Bonitsis asserted claims relating to his employment at a public institution.
Here, as far as the record discloses at this point, it is purely accidental that plaintiff was assaulted on school grounds. If we were to adopt defendant's position, that a notice of claim must be filed in the instance of any claim against a public employee, it would follow that if the assault had occurred at a nearby shopping mall, plaintiff would still be required to file a notice of claim. In our judgment, there must be some nexus between the wrong that is complained of and the defendant's public employment in order to mandate that a notice of claim be filed before suit may be instituted. There is no showing of such a nexus here.
Plaintiff asserts several additional arguments in support of her position that the trial court erred in dismissing her complaint. Her contention that the dismissal was a violation of equal protection is foreclosed by Fuller v. Rutgers, The State University, 154 N.J.Super. 420, 381 A.2d 811 (App.Div.), certif. denied, 75 N.J. 610, 384 A.2d 840 (1978). Her argument that defendant should be estopped from obtaining summary judgment in light of his guilty plea addresses the substantive merits of her suit, not the procedural basis upon which it was dismissed. Finally, in light of our decision that the trial court's order should be reversed, there is *645 no need to address her contention that the motion was premature.
Defendant filed a cross-appeal. Appeals, however, are taken from orders, not opinions. Do-Wop Corp. v. City of Rahway, 168 N.J. 191, 199, 773 A.2d 706 (2001). The order under review gave defendant the entire relief he was seeking, and there was thus nothing for him to appeal. Ellison v. Evergreen Cemetery, 266 N.J.Super 74, 78, 628 A.2d 793 (App. Div.1993) ("Generally, only a party aggrieved by a judgment may appeal from it.").
In his brief, defendant reiterates the arguments dealing with the entire controversy doctrine, collateral estoppel and res judicata that he presented to the trial court.
The entire controversy doctrine is inapplicable because there was never a prior pending plenary action in light of the court's denial of plaintiff's motion for leave to file a late notice of claim. Similarly, collateral estoppel and res judicata are inapplicable because there was never a determination on the substantive merits of plaintiff's claim. State v. Brown, 394 N.J.Super. 492, 502, 927 A.2d 569 (App. Div.2007); Innes v. Carrascosa, 391 N.J.Super. 453, 488-89, 918 A.2d 686 (App. Div.2007).
Reversed and remanded for further proceedings; defendant's cross-appeal is dismissed. We do not retain jurisdiction.