**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5632-14T3

JEFFREY S. FELD,

     Plaintiff-Appellant,

v.

THE CITY OF ORANGE TOWNSHIP,
DWIGHT MITCHELL, as the city's
Custodian of Government Records,
and THE CITY OF ORANGE
TOWNSHIP CITY COUNCIL,

     Defendants-Respondents.

_____

Argued February 7, 2018 – Decided April 18, 2019

Before Judges Fuentes, Koblitz and Suter.

On appeal from Superior Court of New Jersey,
Law Division, Essex County, Docket No. L-1969-10.

Jeffrey S. Feld, appellant, argued the cause pro se.

Respondents have not filed a briefs.

The opinion of the court was delivered by

FUENTES, P.J.A.D.

Plaintiff Jeffrey S. Feld appeals two orders of the Law Division denying his requests for attorney's fees and sanctions under the Open Public Records Act (OPRA), N.J.S.A. 47:1A-1 to -13. Specifically, plaintiff argues that, as an attorney admitted to practice in this State, he is entitled to recover fees for the professional services he performed in the prosecution of this case notwithstanding that he was acting on his own behalf as plaintiff. N.J.S.A. 47:1A-6. Plaintiff also seeks the reversal of the trial court's order denying his application for the imposition of penalties against the custodian of records under N.J.S.A. 47:1A-11. We affirm.

On March 12, 2010, plaintiff filed a verified complaint and order to show cause against defendants, the City of Orange Township (City), the City's custodian of records Dwight Mitchell, and the City's governing council (Council). The complaint alleged numerous OPRA violations concerning access to the Council's agendas and other items. In an order entered on April 10, 2015, the Law Division denied in part defendants' summary judgment motion and ordered the custodian of records "to produce the 28 items appended as an exhibit . . . ." The court also denied plaintiff's application for an award of counsel fees under N.J.S.A. 47:1A-6 as a matter of judicial discretion.

2

We start our analysis by reaffirming a well-settled principle of appellate jurisprudence: "appeals are taken from orders and judgments and not from opinions, oral decisions, informal written decisions, or reasons given for the ultimate conclusion." Hayes v. Delamotte, 231 N.J. 373, 387 (2018) (quoting Do-Wop Corp. v. City of Rahway, 168 N.J. 191, 199 (2001)). Thus, although we affirm the trial court's order denying plaintiff's application for counsel fees under OPRA, we disagree with the reasons expressed by the court in reaching this conclusion.

An award of counsel fees to a prevailing party under N.J.S.A. 47:1A-6 is mandatory as a vital part of the public policy underpinning the public's right of access to government records:

> [u]nder the OPRA, it is the declared public policy of this State that "government records shall be readily accessible for inspection, copying, or examination by the citizens of this State." N.J.S.A. 47:1A-1. To obtain records that are not made available, "[a] person who is denied access to a government record by the custodian of the record . . . may . . . institute a proceeding to challenge the custodian's decision by filing an action in Superior Court." N.J.S.A. 47:1A-6. If the court determines that the custodian unjustifiably denied access to the record in question, he or she is entitled to a "reasonable attorney's fee." Ibid. Without that fee-shifting provision, "the ordinary citizen would be waging a quixotic battle against a public entity vested with almost inexhaustible resources. By making the custodian of the government record responsible for the

A-5632-14T3

payment of counsel fees to a prevailing requestor, the Legislature intended to even the fight." Courier News v. Hunterdon Cty. Prosecutor's Office, 378 N.J. Super. 539, 546 (App. Div. 2005).

[New Jerseyans for a Death Penalty Moratorium v. N.J. Dep't of Corr., 185 N.J. 137, 153 (2005).]

However, it is equally well-settled that an attorney who represents himself or herself is not entitled to recover counsel fees. Segal v. Lynch, 211 N.J. 230, 258-64 (2012). This bar applies even in cases involving fee-shifting statutes. Plaintiff's remaining arguments lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-5632-14T3