# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2233-19

STATE OF NEW JERSEY,

      Plaintiff-Respondent,

v.

BRENT A. JOHNSON,

      Defendant-Appellant.

_____

Submitted January 27, 2021 – Decided March 17, 2021

Before Judges Sumners and Geiger.

On appeal from the Superior Court of New Jersey, Law Division, Atlantic County, Indictment No 11-11-2778.

Joseph E. Krakora, Public Defender, attorney for appellant (Andrew R. Burroughs, Designated Counsel, on the brief).

Damon G. Tyner, Atlantic County Prosecutor, attorney for respondent (Nicole L. Campellone, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Brent A. Johnson appeals the Law Division's August 1, 2019 order denying his post-conviction relief (PCR) petition without an evidentiary hearing. He argues:

> POINT I
>
> CONTRARY TO THE PCR COURT'S FINDING, DEFENDANT'S PETITION FOR POST-CONVICTION RELIEF IS NOT PROCEDURALLY BARRED. (RAISED BELOW.)
>
> POINT II
>
> AS DEFENDANT'S ATTORNEY FAILED TO RAISE MITIGATING FACTORS IN FAVOR OF HIS CLIENT AT SENTENCING, HE IS ENTITLED TO POST-CONVICTION RELIEF. (RAISED BELOW.)
>
> POINT III
>
> AS THERE WERE GENUINE DISPUTES OF MATERIAL FACT, AN EVIDENTIARY HEARING WAS REQUIRED.

We affirm, albeit for different reasons than those stated by the PCR judge in his decision. See Hayes v. Delamotte, 231 N.J. 373, 387 (2018) (applying the well-settled principle "that appeals are taken from orders . . . and not from opinions, . . ." and that orders may be affirmed for reasons different from those set forth by the trial court) (quoting Do-Wop Corp. v. City of Rahway, 168 N.J. 191, 199 (2001)).

I

On the evening of May 27, 2011, and into the early morning hours of the next day, an incident occurred at an Atlantic City casino's parking garage resulting in numerous charges against defendant and his co-defendants for robbing and physical assaulting a man and sexually assaulting a woman. For purposes of this opinion the incident's details need not be discussed, as they are fully set forth in our unpublished decision pertaining to defendant's direct appeal. State v. Cooper, Nos. A-2011-12T1, A-2988-12T1, A-3099-12T1 (App. Div. Sep. 4, 2015), certif. denied, 224 N.J. 124 (2016). We affirmed defendant's convictions and sentences for second-degree robbery, first-degree armed robbery, second-degree conspiracy to commit armed robbery, second-degree possession of a weapon for an unlawful purpose, third-degree unlawful possession of a weapon, but vacated and remanded for retrial his convictions for first-degree aggravated sexual assault and second-degree sexual assault. Id., slip op. at 2-3, 41.

Following remand, the parties negotiated a plea agreement resulting in defendant's resentencing on April 12, 2017. Defendant pled guilty to an amended charge of third-degree aggravated criminal assault, and the State dismissed the first-degree aggravated sexual assault charge. In accordance with

the State's recommendation, defendant was sentenced to a five-year prison term, subject to two-and-a-half years of parole ineligibility, concurrent to the fifteen-year prison term left intact when we affirmed the other convictions. A judgment of conviction (JOC) was entered on May 16, 2017, and amended on July 20, 2017, to properly reflect defendant's resentencing.

Defendant appealed, claiming the trial court should have reconsidered his entire sentence and applied mitigating factor seven, no prior criminal history, N.J.S.A. 2C:44-1(b)(7), as it did when it resentenced him on third-degree aggravated criminal assault. On February 18, 2018, we denied the appeal on our excessive sentence oral argument (ESOA) calendar, stating "the findings of fact regarding aggravating and mitigating factors were based on competent and credible evidence in the record . . . and that the court did not abuse its discretion in imposing the sentence." See State v. Cassady, 198 N.J. 165 (2009); State v. Roth, 95 N.J. 334 (1984).[1]

---

[1] A remand, with the State's consent, was directed to correct the trial court's double imposition of a penalty.

Seven months later, on September 26, 2018, defendant filed a pro se PCR petition.[2]  The petition was later supplemented with a legal brief submitted by defendant's assigned PCR counsel alleging that trial counsel was ineffective for failing to argue mitigating factors eight, conduct was the result of circumstances unlikely to recur, N.J.S.A. 2C:44-1(b)(8), and mitigating factor nine, character and attitude indicate an unlikelihood of reoffending, N.J.S.A. 2C:44-1(b)(9), based upon comments by defendant and his mother at his December 12, 2012 sentencing.[3]  Defendant also argued that at the April 12, 2017 resentencing, counsel failed to present his accomplishments while incarcerated – obtaining an associate's degree and several certificates of achievement and completion – which demonstrate his unlikelihood to commit another offense.  PCR counsel later filed a notice of motion to modify defendant's sentence.

Following oral argument, the PCR judge reserved decision and thereafter issued an order and written decision on August 1, 2019, denying relief on procedural grounds without an evidentiary hearing.  Noting defendant was

---

[2]  On May 4, 2017, defendant filed a pro se PCR alleging ineffective assistance of trial and appellate counsel and an illegal and excessive sentence.  On August 21, 2017, a different PCR judge dismissed the petition "without prejudice for failure to comply with [Rule] 3:22-8."

[3]  The brief inadvertently states the sentencing occurred on May 27, 2011, the date the offense occurred.

A-2233-19

initially sentenced on December 2, 2012, the judge determined his petition was filed beyond the five-year time limit imposed by Rule 3:22-12(a)(1). The judge further determined the claim was barred under Rule 3:22-4 because it could have been raised on direct appeal. He also found that Rule 3:22-5 barred defendant's excessive sentence claim because we previously affirmed his sentences in our September 4, 2015 unpublished decision and February 8, 2018 ESOA order.

II

Defendant's September 26, 2018 petition claim regarding his December 12, 2012 conviction is untimely. It was filed more than five years after the conviction date without proof of "excusable neglect and that there is a reasonable probability that if the defendant's factual assertions were found to be true enforcement of the time bar would result in a fundamental injustice[.]" R. 3:22-12(a)(1)(A); State v. Brewster, 429 N.J. Super. 387, 400 (App. Div. 2013). Yet, defendant's claim regarding his April 12, 2017 resentencing was timely filed; defendant presented this claim well within the five-year time bar.

Nor was the resentencing claim procedurally barred by Rule 3:22-4 because it could have been raised on direct appeal. The Rule does not apply since defendant asserted that his trial counsel was ineffective at resentencing in not arguing mitigating factors eight and nine to obtain a lighter sentence for his

plea to the amended charge of third-degree aggravated criminal assault. Despite rejecting defendant's excessive sentence appeal on our ESOA calendar, we did not address, nor could we in that proceeding, the contention that trial counsel was ineffective for not raising mitigating factors because such claim was outside the trial record. See State v. Preciose, 129 N.J. 451, 460 (1992).

Nonetheless, the dismissal of defendant's petition was correct. We review de novo a PCR judge's factual findings made without an evidentiary hearing and legal conclusions. State v. Harris, 181 N.J. 391, 415 (2004). We apply the two-prong Strickland test, adopted in State v. Fritz, 105 N.J. 42 (1987). Strickland v. Washington, 466 U.S. 668, 687 (1984). We consider, one, whether counsel's performance was constitutionally deficient, and two, whether defendant suffered resulting prejudice, that is, whether there is "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.

Defendant's reliance upon initial sentencing comments by him, his mother, and trial counsel to support his claim that mitigating factors should have been raised at his resentencing is without merit. Those comments could not be considered at his resentencing because we previously rejected them in denying

7

his excessive sentence claim in our unpublished September 4, 2015 decision. Thus, they were properly barred under Rule 3:22-5.

Defendant's reliance upon his college degree and certifications obtained in prison after his initial sentencing to support his mitigating factors argument is equally without merit. He has not shown how these accomplishments would support a reasonable probability that his sentence would have been different had counsel argued them. There is nothing in the record demonstrating that the sentencing judge would have deviated from a negotiated plea agreement and sentenced defendant to a lower term. See State v. S.C., 289 N.J. Super. 61, 71 (App. Div. 1996) (quoting State v. Sainz, 107 N.J. 283, 294 (1987) ("While the sentence imposed must be a lawful one, the court's decision to impose a sentence in accordance with the plea agreement should be given great respect, since a 'presumption of reasonableness . . . attaches to criminal sentences imposed on plea bargain defendants.'")).

In fact, the plea agreement was, by any objective analysis, favorable to defendant: dismissal of the first-degree aggravated sexual assault charge; pleading to an amended charge of third-degree aggravated criminal assault; and serving a five-year prison term, subject to two-and-a-half years of parole ineligibility, concurrent to the fifteen-year prison term that he was already

serving. Hence, the failure to raise the losing argument that his sentence should have been lighter does not amount to deficient performance. See State v. Echols, 199 N.J. 344, 361 (2009) ("[T]he failure of trial counsel to object to the comments . . . could not lead to the conclusion that there is a reasonable probability that, but for the errors of trial . . . counsel, the outcome would have been different."); State v. Worlock, 117 N.J. 596, 625 (1990) (citing Strickland, 466 U.S. at 688; Fritz, 105 N.J. at 52) ("The failure to raise unsuccessful legal arguments does not constitute ineffective assistance of counsel.").

Finally, defendant was not entitled to an evidentiary hearing because he did not establish a prima facie showing of "a reasonable likelihood that his . . . claim [of ineffective assistance of counsel] will ultimately succeed on the merits." State v. Marshall, 148 N.J. 89, 158 (1997).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION