**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2552-15T2

C.R.,

    Plaintiff-Respondent,

v.

D.A.,

    Defendant-Appellant,

and

R.C.,

    Defendant.

_____

        Submitted March 28, 2017 — Decided May 4, 2017

        Before Judges Gilson and Sapp-Peterson.

        On appeal from Superior Court of New Jersey,
        Chancery Division, Family Part, Warren County,
        Docket No. FD-21-0242-16.

        Scholl, Whittlesey & Gruenberg, L.L.C.,
        attorneys for appellant (Franklin G.
        Whittlesey, on the brief).

        Respondent has not filed a brief.

PER CURIAM

Defendant, who is the mother, appeals from a January 15, 2016 order that provided she was to share joint legal custody of her teenage daughter with the father and defendant's adult daughter. The order also restricted the mother's parenting time and stated that the court would review the mother's parenting time in three months. Because the order is interlocutory and defendant failed to seek leave to appeal as required by Rule 2:2-4, we dismiss this appeal without prejudice to defendant's right to file a motion to modify the January 15, 2016 order.

## I.

This appeal involves a dispute over the custody of a seventeen-year-old young woman, E.C. (Ellen)[1], who was born in December 1999. Ellen is the biological daughter of defendant D.A. (Debbie) and defendant R.C. (Ralph). Plaintiff C.R. (Cathy) is an adult daughter of Debbie and Ellen's half-sister.

Debbie and Ralph are separated and before August 2015, Ellen lived with Debbie. While not established by expert testimony, Ellen apparently has emotional and mental health issues. She has been diagnosed as bipolar and suffers from depression. She also

---

[1] To protect privacy interests, the parties will be identified by their initials and for ease of reading, we will use fictitious names.

A-2552-15T2

has experienced suicidal ideology and she has been under a psychiatrist's care since 2012.

The relationship between Ellen and Debbie has been contentious. Ellen has informed her mother that she is bisexual. Debbie, however, has not accepted Ellen's sexual orientation and Debbie and Ellen have argued over that issue.

In August 2015, Ellen, with the apparent consent of Debbie, went to live with her half-sister Cathy. Cathy lives with her husband and their daughter.[2] Approximately one month later, on September 22, 2015, Cathy filed a complaint in the Family Part seeking custody of Ellen and child support from Debbie and Ralph.

The Family Part conducted a one-day evidentiary hearing on January 5, 2016. At that hearing, an attorney represented Cathy, while Debbie and Ralph represented themselves. All parties testified. As part of the proceedings, the Family Part judge also interviewed Ellen.

Ralph agreed to share legal custody of Ellen with Debbie and Cathy. Ralph also agreed that Cathy could have physical custody of Ellen. Debbie, however, contested the change of custody.

Based on the testimony and evidence presented at the hearing, the Family Part judge made findings of fact and conclusions of

---

[2] Cathy's husband was initially a plaintiff in this matter, but he withdrew as a party.

A-2552-15T2

law, which were set forth on the record on January 12, 2016. Thereafter, on January 15, 2016, the Family Part issued two orders, one addressing Debbie and the other addressing Ralph.

In terms of fact-findings, the judge found that Ellen had been in therapy since 2012 and she had been diagnosed with bipolar disorder and depression. The judge also found that Ellen and Debbie had a contentious relationship, which upset Ellen and sometimes caused Ellen to have suicidal ideology. In that regard, the court found that Debbie had not accepted Ellen's sexual orientation, was not supportive of Ellen, and often engaged in communications that upset Ellen. In contrast, the judge found that Ellen had a good relationship with Cathy and that Cathy provided constructive support and discipline for Ellen.

In addressing the custody dispute, the court looked to the standard established by our Supreme Court in Watkins v. Nelson, 163 N.J. 235 (2000). In Watkins, the Supreme Court established a two-step analysis to address a custody dispute involving a third party. Id. at 253-54. The Family Part judge here, however, reasoned that there was a need to modify the Watkins standard because Cathy was a family member, but not a psychological parent. Accordingly, the judge used a standard that she described as the "best interest of the child by clear and convincing evidence." Applying that standard, the court then found that Cathy had shown

by clear and convincing evidence that it was in Ellen's best interest for her to live with Cathy.

Significantly, however, the orders entered by the court did not directly address the physical custody of Ellen. Instead, the orders directed that: (1) Debbie, Ralph, and Cathy are to share joint legal custody of Ellen; (2) Cathy will have superior "say" concerning Ellen's healthcare, including Ellen's mental health; (3) if Debbie wants parenting time with Ellen, she had to attend individual counseling followed by joint counseling with Ellen; and (4) Debbie and Ralph were to pay Cathy child support for Ellen.

The orders also stated that the court would hold a further hearing on April 12, 2016, to establish a "reunification parenting plan" for Debbie. Before that further hearing took place, on February 26, 2016, Debbie filed a notice of appeal from the January 15, 2016 order that addressed her.

On this appeal, Debbie argues that the Family Part infringed her constitutionally protected parental rights by not properly evaluating whether Cathy had the right to custody of the minor child. Cathy did not file a brief on this appeal.

## II.

Only final orders or judgments can be appealed as of right. R. 2:2-3(a). In general, to be a final judgment, an order must dispose of all claims against all parties. "To have the finality

required to create appellate jurisdiction, an order must not only completely dispose of all pleaded claims as to all parties, but all its dispositions must also be final." Grow Co. v. Chokshi, 403 N.J. Super. 443, 460 (App. Div. 2008) (citing Lawler v. Isaac, 249 N.J. Super. 11, 17 (App. Div. 1991)). If the order is not final, it is interlocutory and appellate review is available only by leave granted under Rule 2:4-4 and Rule 2:5-6.

Furthermore, interlocutory review is "limited to those exceptional cases warranting appellate intervention [and] the sole discretion to permit an interlocutory appeal has been lodged with the appellate courts." Id. at 458. "Interlocutory review is 'highly discretionary' and is to be 'exercised only sparingly,' because of the strong policy 'that favors an uninterrupted proceeding at the trial level with a single and complete review[.]'" Id. at 461 (citations omitted).

Here, the order defendant seeks to appeal is interlocutory. The order expressly contemplates additional proceedings before the Family Part. Critically, the January 15, 2016 order does not expressly address the physical custody of Ellen. Appeals are taken from orders, not the reasons given for the order. Do-Wop Corp. v. City of Rahway, 168 N.J. 191, 199 (2001).

Moreover, Debbie seeks to contend that the Family Part terminated her parental rights. She also argues that Cathy, as

the half-sister, did not have standing to seek custody of Ellen. The January 15, 2016 order, however, did not state that Debbie's parental rights were terminated. Indeed, when the court set forth its reasons on the record, the court never stated that Debbie's parental rights were terminated. Instead, the court found that it was in Ellen's best interest to live with Cathy. The court then entered an order that gave Cathy joint legal custody of Ellen with Debbie and Ralph.

We note that the question of the interlocutory nature of the order was raised with the parties by the Appellate Division Clerk's Office after this appeal was filed. Counsel for Debbie responded with a letter contending that the order was a final decision subject to appeal. At that time, Cathy was represented by an attorney, and that attorney responded by contending that the order was interlocutory. We entered no order in response to those letters. Instead, a briefing schedule was issued and Debbie filed a brief and Cathy did not.

Because the January 15, 2016 order did not resolve all issues as to all parties, the order is interlocutory. Debbie did not seek or obtain leave to appeal and, thus, this appeal is dismissed as interlocutory. The issue Debbie seeks to address - - the alleged termination of her parental rights - - was not expressly addressed in the January 15, 2016 order. Thus, this dismissal is

without prejudice to Debbie's right to file a motion in the Family Part to address custody.

Appeal dismissed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION