**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4591-17T1

STATE OF NEW JERSEY,

 Plaintiff-Respondent,

v.

BRYDEN R. WILLIAMS, a/k/a
LANCE RIDDICK,

 Defendant-Appellant.

_____

Submitted April 27, 2020 – Decided July 20, 2020

Before Judges Messano and Vernoia.

On appeal from the Superior Court of New Jersey, Law Division, Union County, Indictment No. 07-02-0150.

Joseph E. Krakora, Public Defender, attorney for appellant (Howard Woodley Bailey, Designated Counsel, on the brief).

Lyndsay V. Ruotolo, Acting Union County Prosecutor, attorney for respondent (Milton Samuel Leibowitz, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

A jury convicted defendant Bryden Robert Williams of murder and related weapons offenses, and the judge sentenced him to a fifty-year term of imprisonment, subject to the No Early Release Act, N.J.S.A. 2C:43-7.2. We affirmed defendant's conviction and sentence on direct appeal. State v. Williams, No. A-3619-09 (App. Div. March 9, 2012). The Court granted certification and affirmed. State v. Williams, 219 N.J. 89, 102 (2014).

Defendant filed a pro se petition for post-conviction relief (PCR) that alleged trial and appellate counsel provided ineffective assistance (IAC). PCR counsel was assigned, and defendant subsequently filed a certification adding that trial counsel provided ineffective assistance because he "was unable to stay awake[.]" Defendant gave some specific examples and further asserted that during trial he told one of the Sheriff's Officers in the courtroom about the issue.

Defendant also furnished a certification from his mother, Renee Hart, who said she observed trial counsel "fall asleep on at least three occasions . . . on three separate days[.]" She also saw defendant "nudge [counsel] in an attempt to wake him up." Additionally, defendant filed a report from an investigator who interviewed trial counsel about the allegation that he fell asleep during the proceedings.

PCR counsel filed a second brief supporting the petition. He asserted that trial counsel was ineffective because he did not ask the judge to voir dire the jurors about whether they noticed him sleeping during trial. Defendant now included a certification from trial counsel, who stated that during defendant's trial, he felt "lethargic" because of a "blood sugar issue." However, while he possibly closed his eyes "briefly once or twice[,]" counsel did not believe he "fell asleep or missed anything." Although changes in his diet and the loss of weight relieved him of this lethargy, counsel described a "similar issue" in another trial approximately one year after defendant's trial. In that criminal case, the defendant alleged counsel had fallen asleep. The judge in that case, after noticing that counsel had his eyes closed during the prosecutor's two-hour summation, "allowed [counsel] to listen to the taped summation to ensure . . . [he] didn't miss anything."

The PCR judge, Robert A. Kirsch, who was not the trial judge, heard oral argument and ordered an evidentiary hearing "on the issue of whether [defendant] was denied the effective assistance of counsel because of trial counsel's purported sleeping at trial[.]" Judge Kirsch denied the petition as to all other claims, including that counsel provided ineffective assistance by failing to ask for a voir dire of the jurors regarding his purported sleeping during trial.

A-4591-17T1

The judge explained his reasons in a comprehensive, thirty-one-page written opinion that accompanied his June 30, 2017 order (the June order).

The evidentiary hearing took place over several days, after which Judge Kirsch detailed his factual findings and legal conclusions in another written opinion. Defendant's sister, brother, and "longtime girlfriend" testified regarding their observations of defense counsel's conduct and demeanor during trial. Judge Kirsch found their testimony "seemingly earnest," although it "did not provide sufficient evidence that counsel was inattentive at trial through sleeping or otherwise, or was inattentive in what can be characterized as anything beyond momentary or fleeting[.]"

Defendant testified about instances during trial where counsel fell asleep or took "incoherent notes." According to defendant, counsel fell asleep several times during trial. Defendant recalled one instance where counsel's phone vibrated and, when counsel checked the notification, defendant saw a text message from counsel's girlfriend telling him to "[w]ake up." Judge Kirsch concluded that defendant "was uncertain of how many times he observed counsel nodding off, and [defendant's] testimony was at times inconsistent, confusing[,] and difficult to follow." The judge determined the allegations "were vague and lacked specificity[,]" and, although the judge did not find

A-4591-17T1

defendant's testimony "intentionally deceitful, . . . his overall credibility and accuracy [were] suspect, imprecise, and unreliable."

Trial counsel's wife, who was his girlfriend at the time of trial, testified and acknowledged being a spectator at defendant's trial. However, she denied ever sending her future husband a text message, as defendant claimed. Judge Kirsch found her to be a credible witness.

Trial counsel, an experienced attorney whose practice at the time of defendant's trial was exclusively criminal defense work, did not believe he fell asleep during the trial or received any text message from his future wife, nor did counsel recall being nudged by defendant to wake up. Judge Kirsch found counsel was a "highly credible witness[,]" who "acknowledged that he might have closed his eyes for a moment or two during the trial[,]" but had "no animus . . . toward [defendant] and . . . was devoted to his client and sought to represent him effectively."

Judge Kirsch discussed the two-prong test applicable to IAC claims formulated in Strickland v. Washington, 466 U.S. 668, 687 (1984), and adopted by our Supreme Court in State v. Fritz, 105 N.J. 42, 58 (1987). The judge also considered those infrequent circumstances where prejudice is presumed, see, e.g., United States v. Cronic, 466 U.S. 648, 658–59 (1984), and, in particular,

5

the "limited circumstances[ in which] prejudice can . . . be presumed when a defendant's attorney falls asleep during trial[,]" see, e.g., United States v. Ragin, 820 F.3d 609, 612 (4th Cir. 2016) (holding that "a defendant is deprived of his Sixth Amendment right to counsel when counsel sleeps during a substantial portion of the defendant's trial").

Judge Kirsch concluded that the evidence adduced at the hearing "at most[] established that counsel may have fleetingly dozed off a handful of times during the [seven]-day trial during non-critical portions of the trial." Judge Kirsch extensively reviewed the trial transcripts, cited specific examples of counsel's performance during trial and concluded that defendant failed to demonstrate any actual prejudice occasioned by any temporary inattentiveness by counsel. As the judge said, "A review of the trial transcript, corroborated by [defendant's] own witnesses at the . . . hearing confirm[s] that counsel was active and engaged at trial[,] advocating on behalf of and strategizing with [defendant]." Judge Kirsch determined that defendant had "not established by a preponderance of the credible evidence that counsel was ineffective pursuant to either Cronic . . . or Strickland[.]" He entered the September 11, 2017 order (the September order) denying defendant's PCR petition, and this appeal followed.

A-4591-17T1

Before us, defendant raises two points. First, he contends Judge Kirsch erred in evaluating the evidence at the hearing and should have concluded that trial counsel rendered ineffective assistance. The argument overlooks our deferential standard of review in these circumstances. See, e.g., State v. Nash, 212 N.J. 518, 540 (2013) ("Our standard of review is necessarily deferential to a PCR court's factual findings based on its review of live witness testimony. In such circumstances[,] we will uphold the PCR court's findings that are supported by sufficient credible evidence in the record." (citing State v. Harris, 181 N.J. 391, 415 (2004))). Judge Kirsch's factual findings are amply supported by the record, his legal conclusions were correct, and we affirm for the reasons he expressed in his written opinion.

Defendant's second argument is that the judge erred by denying defendant's IAC claim that counsel rendered deficient performance by not asking the trial judge to voir dire jurors "about [counsel's] sleeping during the trial" without an evidentiary hearing. The argument merits limited discussion. R. 2:11-3(e)(2).

In his written opinion supporting the June 2017 order, Judge Kirsch noted "the absence of any case law finding trial counsel ineffective for failing to investigate his own ineffectiveness immediately at the conclusion of trial." He

concluded that any failure to voir dire the jurors "about whether they noticed [counsel] sleeping did not constitute ineffective assistance of counsel."

We affirm now for slightly different reasons. See State v. Scott, 229 N.J. 469, 479 (2017) ("It is a long-standing principle underlying appellate review that 'appeals are taken from orders and judgments and not from opinions . . . or reasons given for the ultimate conclusion.'" (quoting Do-Wop Corp. v. City of Rahway, 168 N.J. 191, 199 (2001))). In light of Judge Kirsch's findings after the hearing, it logically follows that counsel, who denied ever falling asleep and who the judge concluded was, at most, fleetingly inattentive, did not render deficient, prejudicial assistance by failing to ask the judge to voir dire jurors about what they may have witnessed.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION