NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO.  A-5497-18

ROBERT J. TRIFFIN,

     Plaintiff-Appellant,

v.

SHS GROUP, LLC (d/b/a) THE
SALON PROFESSIONAL
ACADEMY (d/b/a) INNOVATE
SALON ACADEMY and
JOHN W. SICKLES,

     Defendants-Respondents,

and

AMANDA R. GRZYB-KELLY,

     Defendant.

_____

| APPROVED FOR PUBLICATION |
| --- |
| **March 3, 2021** |
| **APPELLATE DIVISION** |

Argued December 2, 2020 – Decided March 3, 2021

Before Judges Alvarez, Geiger and Mitterhoff.

On appeal from the Superior Court of New Jersey, Law Division, Middlesex County, Docket No. DC-013226-18.

Robert J. Triffin, appellant, argued the cause pro se.

Respondents have not filed a brief.

The opinion of the court was delivered by

MITTERHOFF, J.A.D.

Plaintiff Robert J. Triffin appeals from a May 23, 2019 order denying his motion for reconsideration of the trial court's January 24, 2019 order, issued after a Special Civil Part trial, that dismissed his complaint for enforcement pursuant to N.J.S.A. 12A:3-414(b), alleging non-payment of a dishonored check against defendant SHS Group, LLC (SHS) and its owner John W. Sickles.  At trial, plaintiff argued N.J.S.A. 12A:3-308(b)[1] required defendant to establish a defense to his right of enforcement, by proving the check was paid by defendant's bank before plaintiff's predecessor in interest presented it for payment.  Plaintiff further argued a missing indorsement made it impossible for defendant to prove the check had already been paid.

The judge found the check was electronically deposited and paid by defendant's bank before the physical copy was presented for payment. Therefore the judge held defendant was not liable.  See N.J.S.A. 12A:3-305(a)(2).  In his motion for reconsideration, plaintiff argued the previously

---

[1] "[A] plaintiff producing the instrument is entitled to payment if the plaintiff proves entitlement to enforce the instrument under N.J.S.12A:3-301, unless the defendant proves a defense or claim in recoupment."  N.J.S.A. 12A:3-308(b).

paid defense was not satisfied because the subject check was not indorsed when electronically deposited into codefendant Grzyb-Kelly's account.[2]

In denying the reconsideration motion, the trial judge relied on N.J.S.A. 12A:3-414(c), which discharges a drawer's obligation to pay if the check was accepted by a bank. On appeal, defendant renews his argument regarding the missing indorsement. Having reviewed the record and applicable law, we affirm the trial judge's conclusion that defendant was entitled to dismissal on its previously paid defense, albeit for slightly different reasons. See Do-Wop Corp. v. City of Rahway, 168 N.J. 191, 199 (2001) (appeals are taken from orders and judgments, not opinions or oral decisions).

We discern the facts from the record of the May 23, 2019 Special Civil Part trial. Defendant is a hair styling school and participant in a government program providing financial assistance to its students. Defendant receives money from the federal government, and then distributes the funds to qualifying students for educational and living expenses. Id. On December 2, 2015, defendant issued check number 1483 to one of its students, codefendant Amanda R. Grzyb-Kelly, in the amount of $1,431. That same day, the check was redeemed twice, once via electronic deposit into Grzyb-Kelly's Wells

---

[2] At trial and on reconsideration, plaintiff also argued against the admissibility of defendant's bank records on hearsay grounds. On appeal, however, plaintiff has abandoned this argument. Therefore, we will not address it.

A-5497-18

Fargo bank account, and once at United Check Cashing, a check-cashing business.

Notably, plaintiff did not dispute that Grzyb-Kelly electronically deposited the check, or that defendant's bank paid the check. Rather, plaintiff's arguments attacked the legitimacy of the payment made by Bank of America, SHS' bank, to Grzyb-Kelly's Wells Fargo account. Plaintiff conceded that the check was cashed twice on December 2, 2015, but argued the lack of indorsement rendered defendant's payment a legal nullity.

Grzyb-Kelly completed the electronic deposit by taking pictures of the front and back of the check through an application on her phone. The check was not indorsed at the time it was electronically deposited. When cashed at United Check Cashing, the check was indorsed, stamped, and relinquished. The check was subsequently dishonored when presented to Bank of America for payment and returned on December 7, 2019, to United Check Cashing with the return reason listed as "Duplicate Presentment." United Check Cashing then sold several dishonored checks, including SHS check number 1483, to plaintiff through an assignment agreement.

Plaintiff as assignee brought an enforcement action against defendant and Grzyb-Kelly pursuant to N.J.S.A. 12A:3-414(b). At trial, plaintiff argued that under N.J.S.A. 12A:3-308(b), defendant had the burden of establishing a

4

defense to plaintiff's right to payment, by proving that the check was paid by defendant's bank (Bank of America) before United Check Cashing presented it for payment. In that regard, both parties produced copies of the check. The first, offered by plaintiff, was marked as a duplicate, stamped "RETURN REASON – Y DUPLICATE PRESENTMENT", and was indorsed by Grzyb-Kelly. The copy also showed a dated stamp on the back, indicating the check was received by United Check Cashing on December 2, 2015. The second copy, offered by defendant, did not display Grzyb-Kelly's signature on the back of the check, was not marked with United Check Cashing's dated stamp, and indicated the check had been electronically indorsed by Wells Fargo and Bank of America on December 2, 2015.

Defendant also presented bank records, including defendant's December 2015 Bank of America statement, which indicated that check 1483 was paid and that $1,431 was deducted from the account. Based on a comparison of the checks presented by each party, and defendant's December 2015 bank statement, the trial judge concluded the check was deposited into Grzyb-Kelly's Wells Fargo account and paid by Bank of America on December 2, 2015, before it was presented to United Check Cashing for payment. Accordingly, the trial judge found defendant had successfully proved its previously paid defense and dismissed plaintiff's claim against defendant.

A-5497-18

Default judgment was entered in favor of plaintiff against codefendant Grzyb-Kelly.

The judge denied plaintiff's motion for reconsideration. In addition to the reasons set forth at trial, the judge also found that N.J.S.A. 12A:3-414(c) provided a defense to plaintiff's claim against defendant. That statute states, "[i]f a draft is accepted by a bank, the drawer is discharged, regardless of when or by whom acceptance was obtained."[3] N.J.S.A. 12A:3-414(c).

On appeal, plaintiff raises the following argument for our consideration:

> POINT I
>
> THE TRIAL JUDGE COMMITTED PREJUDICIAL ERROR WHEN HE DISREGARDED N.J.S.A. 12A:3-201(b) [AND] 12A:3-203(c)'[S] REQUIREMENTS FOR NEG[OTIA]TION, TRANSFER, AND INDORSEMENT OF CHECKS

Essentially, plaintiff argues that because SHS check number 1483 was not indorsed when codefendant Grzyb-Kelly electronically deposited it into her account, transfer, as defined by the Uniform Commercial Code[4] (the Code) and New Jersey's statutory corollaries, could not have occurred. Accordingly,

---

[3] Acceptance in this context refers to a process by which a bank, as opposed to an account holder, guarantees payment of a draft. Similar to a certified check, accepted checks provide a greater level of security to the payee that the draft will be paid. See N.J.S.A. 12A:3-409.

[4] U.C.C. § 1-101 to 9-709 (AM. LAW INST. & UNIF. LAW COMM'N 2012).

defendant's bank made an unauthorized payment to codefendant Grzyb-Kelly that did not satisfy defendant's promise to paycheck number 1483.

We review the denial of a motion for reconsideration to determine whether the trial court abused its discretion. Cummings v. Bahr, 295 N.J. Super. 374, 389 (App. Div. 1996). A motion for reconsideration is meant to "seek review of an order based on the evidence before the court on the initial motion . . . not to serve as a vehicle to introduce new evidence in order to cure an inadequacy in the motion record." Cap. Fin. Co. of Del. Valley, Inc. v. Asterbadi, 398 N.J. Super. 299, 310 (App. Div. 2008).

For these reasons, reconsideration should only be granted in "those cases which fall into that narrow corridor in which either 1) the [c]ourt has expressed its decision based upon a palpably incorrect or irrational basis, or 2) it is obvious that the [c]ourt either did not consider, or failed to appreciate the significance of probative, competent evidence . . . . " Cummings, 295 N.J. Super. at 384 (quoting D'Atria v. D'Atria, 242 N.J. Super. 392, 401-02 (Ch. Div. 1990)). Therefore, we have held that "the magnitude of the error cited must be a game-changer for reconsideration to be appropriate." Palombi v. Palombi, 414 N.J. Super. 274, 289 (App. Div. 2010).

This matter is governed by Article 3, which covers negotiable instruments, N.J.S.A. 12A:3-101 to -605, and Article 4, which covers bank

7

deposits and collections, N.J.S.A. 12A:4-101 to -504, of New Jersey's version of the Code. Under the Code, a "check" is a draft, N.J.S.A. 12A:3-104(f); a "drawer" is the person who signs a draft ordering payment from their account (i.e. the person who wrote the check), N.J.S.A. 12A:3-103(a)(3); and a "depository bank" is "the first bank to take an item," such as a draft. N.J.S.A. 12A:4-105.

Plaintiff's claim arises out of N.J.S.A. 12A:3-414(b), which provides "[i]f an unaccepted draft is dishonored, the drawer is obliged to pay the draft according to its terms at the time it was issued . . . The obligation is owed to a person entitled to enforce the draft . . . ." As the assignee of the dishonored check, plaintiff argues he is a person entitled to enforce the draft. See N.J.S.A. 12A:3-201(a). N.J.S.A. 12A:3-308(b) entitles a plaintiff producing a dishonored draft to payment, "unless the defendant proves a defense or claim in recoupment." Previous payment of a draft is a defense to enforcement. See N.J.S.A. 12A:3-305(a)(2).

N.J.S.A. 12A:1-201(21) defines "[h]older" as:

> (a) the person in possession of a negotiable instrument that is payable either to the bearer or to an identified person that is the person in possession[.]

N.J.S.A. 12A:3-201 provides:

> a. "Negotiation" means a transfer of possession, whether voluntary or involuntary, of an instrument by

a person other than the issuer to a person who thereby becomes its holder.

b.    Except for negotiation by a remitter, if an instrument is payable to an identified person, negotiation requires transfer of possession of the instrument <u>and its indorsement by the holder</u>. If an instrument is payable to bearer, it may be negotiated by transfer of possession alone.

[emphasis added.]

Commentary to N.J.S.A. 12A:3-201 explains a person cannot become a holder without negotiation:

A person can become holder of an instrument when the instrument is issued to that person, or the status of holder can arise as the result of an event that occurs after issuance. "Negotiation" is the term used in article 3 to describe this post-issuance event. Normally, negotiation occurs as the result of a voluntary transfer of possession of an instrument by a holder to another person who becomes the holder as a result of the transfer.

[N.J.S.A. 12A:3-201 cmt. 1.]

In most instances, as plaintiff correctly points out, N.J.S.A. 12A:3-203(c) identifies indorsement as a prerequisite to negotiation of an instrument:

Unless otherwise agreed, if an instrument is transferred for value and the transferee does not become a holder because of lack of indorsement by the transferor, the transferee has a specifically enforceable right to the unqualified indorsement of the transferor, <u>but negotiation of the instrument does not occur until the indorsement is made</u>.

9

[emphasis added.]

Read together, plaintiff argues these statutes dictate that before a person or bank can become a "holder," i.e. a person entitled to enforce the instrument, "negotiation" must occur between the person the instrument is made payable to and the assignee.  A prerequisite of negotiation is indorsement.  Because Wells Fargo accepted the unindorsed draft, plaintiff argues that negotiation, first between Grzyb-Kelly and Wells Fargo, then between Wells Fargo and Bank of America, never took place.  Plaintiff argues that the only negotiation of the check that occurred on December 2, 2015, was between Grzyb-Kelly and United Check Cashing.  Therefore, plaintiff argues, the unauthorized payment made by Bank of America cannot be the basis of defendant's previously paid defense, because the instrument could not have been transferred without negotiation.

N.J.S.A. 12A:4-205, however, allows the customer of a depository bank to transfer a draft without prior indorsement:

> If a customer delivers an item to a depository bank for collection:
>
>> a. the depository bank becomes a holder of the item at the time it receives the item for collection if the customer at the time of delivery was holder of the item, whether or not the customer indorses the item . . . ; and

10

> b. the depository bank warrants to collecting banks, the payor bank or other payor, and the drawer that the amount of the item was paid to the customer or deposited to the customer's account.

Commentary to N.J.S.A. 12A:4-205 explains the former rule of N.J.S.A. 12A:4-205(1) allowed depository banks to supply the missing indorsement of its customers to "afford the drawer and the subsequent banks evidence that the proceeds of the item reached the customer's account." N.J.S.A. 12A:4-205 cmt. 1. Because subsection (b) of the statute now serves the same purpose, "[w]hether [a depository bank] supplies the customer's indorsement is immaterial." Ibid.

Thus, N.J.S.A. 12A:4-205 is fatal to plaintiff's argument. When Grzyb-Kelly electronically deposited the unindorsed SHS check number 1483 into her Wells Fargo account, valid transfer and negotiation of the instrument occurred because she was a customer of the depository bank. The customer's indorsement was immaterial. See ibid.

As the trial judge found, a comparison of the copies of SHS check number 1483 provided by each party conclusively demonstrate that defendant successfully proved its previously paid defense. Defendant's copy shows the check was deposited into Grzyb-Kelly's Wells Fargo account on December 2, 2015. It also shows that on the same day, the check was electronically

11

indorsed twice, first by Wells Fargo as the bank of first deposit, then by Bank of America as the payor bank. Defendant's Bank of America account statement for the relevant period indicates $1,431 was deducted in January of 2015. The check is not indorsed by Grzyb-Kelly.

Plaintiff's copy, on the other hand, is marked duplicate, lists "DUPLICATE PRESENTMENT" as the reason for return, and is indorsed by Grzyb-Kelly. It is also marked with United Check Cashing's dated stamp indicating the check was received on December 2, 2015.

The presence of Grzyb-Kelly's indorsement, as well as United Check Cashing's dated stamp on plaintiff's copy, prove the check was electronically deposited before it was cashed at the check-cashing business. Grzyb-Kelly could not have indorsed, stamped, and relinquished the check, before she electronically deposited an unindorsed and unstamped version. The absence of the additional markings indicate the check must have been electronically deposited first. Further, the markings on plaintiff's copy identifying it as duplicate, compared to defendant's copy referencing the electronic indorsements and transfers by both banks, and defendant's bank statement showing $1,431 deducted from his account, clearly demonstrate the check was processed and paid as result of the electronic deposit.

12

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-5497-18