**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3273-19

IN THE MATTER OF
KEVIN NEWSOM, NEW
JERSEY STATE PRISON.

_____

Argued December 14, 2021 – Decided January 7, 2022

Before Judges Vernoia and Firko.

On appeal from the New Jersey Civil Service Commission, Docket No. 2015-2238.

Donald C. Barbati argued the cause for appellant Kevin Newsom (Crivelli & Barbati, LLC, attorneys; Donald C. Barbati, on the briefs).

Jana R. DiCosmo, Deputy Attorney General, argued the cause for respondent New Jersey Department of Corrections (Andrew J. Bruck, Acting Attorney General, attorney; Sookie Bae-Park, Assistant Attorney General, of counsel; Paul D. Nieves, Deputy Attorney General, on the brief).

Andrew J. Bruck, Acting Attorney General, attorney for respondent New Jersey Civil Service Commission (Steven M. Gleeson, Deputy Attorney General, on the statement in lieu of the brief).

PER CURIAM

Kevin Newsom appeals from a March 16, 2020 Civil Service Commission final agency decision and order adopting an administrative law judge's (ALJ) decision denying his order to show cause seeking the reopening of a disciplinary proceeding that ended with a 2016 Commission decision upholding New Jersey State Prison's (NJSP) removal of him from his position as a corrections sergeant, and denying his motion for summary disposition on the disciplinary charges. We affirm the Commission's order denying Newsom's motion for summary disposition and vacate the Commission's denial of the order to show cause seeking to reopen the disciplinary proceeding based on newly discovered evidence. We remand for the Commission to consider Newsom's request to reopen the disciplinary proceeding under the correct legal standard.

I.

There have been three separate proceedings before the Commission related to Newsom's challenge to NJSP's December 30, 2014 removal of him from his position as a corrections sergeant. We briefly describe the disciplinary charges that resulted in the proceedings, and the proceedings themselves, to provide context for our discussion of the issues presented.

On December 30, 2014, NJSP issued a final notice of disciplinary action removing Newsom from his position as a corrections sergeant for conduct

unbecoming a public employee, N.J.A.C. 4A:2-2.3(a)(6), and other sufficient cause, N.J.A.C. 4A:2-2.3(a)(11). The notice alleged that on October 29, 2010, Newsom caused serious bodily injury to NJSP inmate Bradley Peterson by striking him "in the head several times with a metal baton while Peterson was handcuffed, shackled[,] and offering no resistance."

The Disciplinary Proceeding

The first proceeding before the Commission began when Newsom appealed from his removal. The Commission referred the matter to the Office of Administrative Law as a contested case, and an ALJ conducted an eight-day hearing on the disciplinary charges against Newsom. The ALJ subsequently issued a detailed February 24, 2016 written decision finding Newsom struck Peterson with an extended baton and upholding Newsom's removal. The disciplinary proceeding ended on April 25, 2016, when the Commission adopted the ALJ's decision.[1] Newsom did not appeal from the Commission's decision.

Newsom's Request to Reopen the Disciplinary Proceeding

The second proceeding before the Commission commenced almost two years later, on January 9, 2018, when Newsom filed an order to show cause

---

[1] The ALJ's February 24, 2016 decision was deemed adopted by the Commission on April 25, 2016, pursuant to N.J.S.A. 40A:14-204.

seeking: vacatur of the Commission's April 25, 2016 decision; the reopening of the disciplinary proceeding; and summary disposition reversing the Commission's decision and dismissing the disciplinary charges. In support of his order to show cause, Newsom relied on what he claimed was newly discovered evidence he obtained in a federal lawsuit brought by Peterson against Newsom and other NJSP corrections officers. In the lawsuit, Peterson claimed Newsom and the other officers violated his civil rights during the October 29, 2010 incident that resulted in the disciplinary charges against Newsom.

More particularly, Newsom relied on a video recording of a statement Peterson gave to the Mercer County Prosecutor's Office following the October 29, 2010 incident. Newsom claimed the recording was first provided to him during discovery in Peterson's federal civil rights case.[2] He argued the recording constituted newly discovered evidence that exonerated him on the disciplinary charges because he is African American and, during the statement, Peterson said the person who struck him with the baton was a "tall, bald, white guy." Newsom argued the newly discovered statement warranted vacatur of the Commission's

_____

[2] Newsom asserted that only a portion of the recording was made available to him during the disciplinary proceeding before the ALJ and the Commission. The portion of the recording provided at that time did not include the statement from Peterson that Newsom claimed supported the relief sought in his order to show cause.

A-3273-19

April 25, 2016 final decision and either a reversal of the Commission's decision or a reopening of the disciplinary proceeding.

The Commission interpreted Newsom's order to show cause as a motion for reconsideration of its April 25, 2016 decision. The Commission determined Newsom's request was untimely under N.J.A.C. 4A:2-1.6(a) because it was not filed within forty-five days of the April 25, 2016 decision.[3] The Commission denied the order to show cause on that basis, and Newsom appealed.

In our decision on Newsom's appeal, we found the forty-five-day time limit for filing a motion for reconsideration from a Commission decision was inapplicable because Newsom did not seek "reconsideration of the [Commission's] prior decision." In re Kevin Newsom, New Jersey State Prison, No. A-3194-17 (App. Div. July 30, 2019) (slip op. at 4). We determined Newsom's order to show cause actually "sought to reopen the hearing to allow consideration of evidence he contends was previously unavailable." Id. at 4. We therefore reversed the Commission's decision denying the order to show cause on timeliness grounds and "remand[ed] . . . for the Commission to consider [Newsom's] application to reopen the hearing" in the disciplinary

---

[3] Under N.J.A.C. 4A:2-1.6(a), a party may petition the Commission for reconsideration "[w]ithin [forty-five] days of receipt of a [Commission] decision."

proceeding that ended with the Commission's April 25, 2016 decision. As noted, the decision adopted the ALJ's determination NJSP properly removed Newsom because he struck a handcuffed and shackled inmate, Peterson, with an extended baton. Id. at 7.

The Remand Proceeding

The third proceeding arising from Newsom's challenge to NJSP's removal decision followed our remand. The Commission referred the case to the same ALJ that conducted the original proceeding on the disciplinary charges and who rendered the February 24, 2016 decision the Commission adopted on April 25, 2016.

Prior to the ALJ's disposition of the issue we remanded—consideration of Newsom's request to vacate the Commission's April 25, 2016 decision and reopen the disciplinary proceeding—Newsom filed a motion for summary disposition seeking reversal of the Commission's April 25, 2016 decision and dismissal of the disciplinary charges. In support of the motion, Newsom claimed a no-cause jury verdict in his favor in Peterson's federal civil rights required reversal of the Commission's April 25, 2016 decision and dismissal of the disciplinary charges based on res judicata and collateral estoppel grounds.

The ALJ subsequently rendered a written decision on Newsom's pending applications. The ALJ found our remand "decision [did] not require a hearing," and explained that "in an attempt to promptly address [the] matter, [he] did not reschedule a hearing, but reviewed the federal-court trial testimony of [Peterson], reviewed the videotape of [Peterson's] interview, and closed the matter."

The ALJ expressly recognized our remand required consideration of Newsom's "application to reopen the hearing," and the ALJ explained the issues presented included whether Peterson's video recorded statement "warranted the reopening of the hearing." However, although our decision made clear Newsom's order to show cause was not a motion for reconsideration, the ALJ incongruously stated that an issue presented on remand was whether Peterson's recorded statement warranted "reconsideration of" the Commission's April 25, 2016 decision.

In his legal analysis of the issues, the ALJ did not directly address the precise and limited issue we required be considered on remand. That is, the ALJ did not consider or decide whether Newsom's order to show cause supported vacatur of the Commission's April 25, 2016 decision and a reopening of the disciplinary proceeding. Instead, the ALJ cited, explained, and applied only the

7

standard for "reconsideration" of an order under Rule 4:49-2. For example, the ALJ relied on D'Atria v. D'Atria, 242 N.J. Super. 392, 401-02 (Ch. Div. 1990), where it was explained that a motion for reconsideration "[s]hould be utilized only for those cases where (1) the court has expressed its decision based upon a palpably incorrect or irrational basis, or (2) it is obvious that the court either did not consider, or failed to appreciate the significance of probative, competent evidence." Thus, the ALJ analyzed only whether the Commission's April 25, 2016 decision should be vacated under the standard for reconsideration.[4]

The ALJ then considered the putative newly discovered evidence — Peterson's video recorded statement describing the officer who struck him — and the evidence and testimony Peterson presented during the federal civil rights trial. In his opinion, the ALJ noted that in Peterson's submissions to the federal court, he asserted Newsom was the individual who struck him with the baton. The ALJ further noted that at the federal trial, Peterson represented he did not

---

[4] If Newsom's order to show cause actually constitutes a motion for reconsideration, the ALJ should have dismissed it as untimely under N.J.A.C. 4A:2-1.6(a). Our prior decision, however, explained the order to show cause is not a motion for reconsideration that is time-barred under N.J.A.C. 4A:2-1.6(a), and is instead a motion to reopen the prior disciplinary hearing. In re Kevin Newsom, slip op. at 4. Indeed, that is the precise reason we reversed the Commission's dismissal of the order to show cause and remanded for the Commission's consideration of Newsom's request to reopen the disciplinary proceeding. Id. at 4, 7.

know who hit him with the baton and he had vision issues prior to the October 29, 2010 incident.

The ALJ also explained Peterson did not testify in the original disciplinary proceeding, and the determination Newsom struck Peterson was based on the testimony and statements of other corrections officers who were present when the incident occurred and who the ALJ deemed credible. The ALJ concluded Peterson's various statements "are all in conflict with each other and provide [a] sufficient basis to question the credibility of the videotaped statement" upon which Newsom relied in support of his order to show cause to reopen.

Based on those findings, the ALJ reasoned that although the newly discovered video recording contradicted evidence upon which the February 24, 2016 decision was based, Peterson's statement in the recording was not sufficiently credible to undermine the decision and determination Newsom struck Peterson with the baton. The ALJ then denied Newsom's "motion for reconsideration" because Newsom did not demonstrate the ALJ acted "arbitrarily, capriciously, or unreasonably," and the credible evidence supported the initial determination he made in the February 24, 2016 decision that Newsom committed the charged disciplinary offenses.

A-3273-19

The ALJ determined Newsom was not entitled to reconsideration of the Commission's April 25, 2016 decision, but the ALJ nonetheless addressed Newsom's motion for summary disposition. The ALJ concluded the no-cause verdict in the federal civil rights case did not warrant reversal of the Commission's April 25, 2016 decision or dismissal of the disciplinary charges on res judicata and collateral estoppel grounds. This appeal followed.

II.

"Our review of administrative agency action is limited." Russo v. Bd. of Trs., Police & Firemen's Ret. Sys., 206 N.J. 14, 27 (2011). A reviewing "court ordinarily should not disturb an administrative agency's determinations or findings unless there is a clear showing that (1) the agency did not follow the law; (2) the decision was arbitrary, capricious, or unreasonable; or (3) the decision was not supported by substantial evidence." In re Virtua-West Jersey Hosp. Voorhees for a Certificate of Need, 194 N.J. 413, 422 (2008). "The burden of demonstrating that the agency's action was arbitrary, capricious or unreasonable rests upon the [party] challenging the administrative action." In re Arenas, 385 N.J. Super. 440, 443-44 (App. Div. 2006).

Newsom argues the Commission erred by dismissing the matter following our remand without holding a hearing. He contends that following the remand,

his motion for summary disposition was the only application pending before the Commission, and the Commission could not properly decide his motion without a hearing.

Newsom's arguments put the proverbial cart before the horse. He fails to recognize that before he could properly file a motion for summary disposition dismissing the disciplinary charges, he had to first reopen the disciplinary proceeding which ended with the Commission's April 25, 2016 adoption of the ALJ's February 24, 2016 decision upholding NJSP's removal of him from his corrections sergeant position. Newsom also ignores that, as we explained in our initial decision, his order to show cause constituted a motion to reopen the prior disciplinary proceeding, and we remanded to the Commission for it to consider and decide that application. We directed that the Commission consider Newsom's application to reopen the disciplinary hearing based on his claim he was entitled to such relief based on newly discovered evidence. See Flanigan v. McFeely, 20 N.J. 414, 420 (1956) ("[T]he trial court is under a peremptory duty to obey in the particular case the mandate of the appellate court precisely as it is written.").

Thus, contrary to Newsom's claim that the only application pending before the Commission on remand was his motion for summary disposition, our remand

order required the Commission to decide Newsom's application to reopen the disciplinary proceeding that the Commission had erroneously denied as time-barred. Although framed as a motion to reopen the disciplinary hearing, Newsom's order to show cause is more accurately characterized as a motion to vacate the Commission's April 25, 2016 final decision and order. That is because the disciplinary proceeding could be reopened only if Newsom obtained relief from what was otherwise the Commission's final decision upholding his removal.

The ALJ and the Commission misinterpreted our remand order. In our decision, we made clear Newsom's order to show cause was not a request for reconsideration of the Commission's April 25, 2016 adoption of the ALJ's February 24, 2016 decision, and we remanded for the Commission to consider Newsom's motion to reopen based on newly discovered evidence. In re Kevin Newsom, slip op. at 4. Nonetheless, on remand the ALJ never directly addressed Newsom's motion to reopen and instead the ALJ applied the standard for reconsideration motions, deciding Peterson's newly discovered statement did not warrant reconsideration of the ALJ's February 24, 2016 decision upholding Newsom's removal. The Commission similarly ignored the requirements of our remand and adopted the ALJ's determination under the reconsideration standard.

12

"It is settled that an administrative body has the inherent power, in the absence of legislative restriction, to reopen or modify orders previously entered." In re Adamar of N.J., Inc., 222 N.J. Super. 464, 474 (App. Div. 1988). That power "may be invoked by administrative agencies to serve the ends of essential justice and the policy of the law," Minsavage for Minsavage v. Bd. of Trs., Teachers' Pension and Annuity Fund, 240 N.J. 103, 107-08 (2019) (quoting In re Van Orden, 383 N.J. Super. 410, 421 (App. Div. 2006)), but it "must be exercised reasonably and invoked only for good cause shown, and only where the applicant acted with reasonable diligence," In re Adamar, 222 N.J. Super. at 474.

The New Jersey Administrative Code includes a regulation prescribing the procedure and standard for a motion for reconsideration of a Commission's final decision and order. See N.J.A.C. 4A:2-1.6. The Administrative Code does not include a comparable provision setting the procedure or standard for a motion to reopen a final Commission decision based on newly discovered evidence.

The New Jersey Uniform Administrative Procedure Rules, N.J.A.C. 1:1-1.2 to -21.6, in part fills the gap created by the absence of a specific rule for vacatur of a Commission final decision and reopening of a proceeding based on newly discovered evidence. N.J.A.C. 1:1-1.3(a) provides that "[i]n the absence

13

of a rule, a judge [in an administrative proceeding] may proceed in accordance with the New Jersey Court Rules, provided the rules are compatible with" the purposes of "achiev[ing] just results, simplicity in procedure, fairness in administration and the elimination of unjustifiable expense and delay."

Our Court Rules make express provision for motions to set aside a final judgment and reopen a matter based on newly discovered evidence. In a manner consistent and compatible with the purposes of the New Jersey Uniform Administrative Procedure Rules, Rule 4:50-1(b) provides that a party may be relieved from "a final judgment or order" based on "newly discovered evidence which would probably alter the judgment or order and which by due diligence could not have been discovered in time to move for a new trial." A "party seeking relief" under Rule 4:50-1(b) "must demonstrate 'that the evidence would probably have changed the result, that it was unobtainable by the exercise of due diligence for use at the trial, and that the evidence was not merely cumulative.'" DEG, LLC v. Twp. of Fairfield, 198 N.J. 242, 264 (2009) (quoting Quick Chek Food Stores v. Twp. of Springfield, 83 N.J. 438, 445 (1980)). All three of these requirements must be met to justify relief from a final order. Ibid.

Here, the ALJ's and the Commission's erroneous application of the reconsideration standard on remand resulted in their failure to decide the issue

14

we directed must be considered on remand: whether Newsom is entitled to vacatur of the Commission's April 25, 2016 decision, and thereby reopen the disciplinary proceeding, based on newly discovered evidence. See Flanigan, 20 N.J. at 420. We are therefore constrained to vacate the Commission's March 16, 2020 order denying Newsom's order to show cause, and we again remand for the Commission to consider, decide, and make findings on that issue in accordance with the applicable legal standard.[5]

Newsom also argues the Commission erred by denying his motion for summary disposition reversing NJSP's December 30, 2014 final notice of disciplinary action removing him from his position. However, Newsom's motion, should not have been filed or considered unless and until he obtained

---

[5] We note that even if we were inclined to do so, the record on appeal does not permit us to decide the merits of the order to show cause. Newsom does not include the complete record concerning the motion in the appendix on appeal. For example, the order to show cause was supported by the certification of Newsom's counsel, but the certification is not included in the appellate record. See R. 2:6-1(a)(1)(I) (requiring the appendix on appeal include "such . . . parts of the record . . . as are essential to the proper consideration of the issues"). We are not "obliged to attempt review of an issue when the relevant portions of the record are not included." Cmty. Hosp. Grp., Inc. v. Blume Goldfaden Berkowitz Donnelly Fried & Forte, P.C., 381 N.J. Super. 119, 127 (App. Div. 2005); see also Soc'y Hill Condo. Ass'n v. Soc'y Hill Assocs., 347 N.J. Super. 163, 177-78 (App. Div. 2002) (finding that, because of an appellant's failure to adhere to the requirements of Rule 2:6-1(a)(1)(I) "rendered review on the merits impossible, we ha[d] no alternative but to affirm").

vacatur of the Commission's April 25, 2016 final decision and a reopening of the disciplinary proceeding. Most simply stated, Newsom could not properly seek summary disposition of the disciplinary charges in his favor because the charges were no longer pending following entry of the Commission's April 25, 2016 final decision.

For that reason, we affirm the Commission's denial of the motion for summary disposition, but we do so on procedural grounds and without prejudice to Newsom's right to renew the motion if, on remand, the Commission grants the order to show cause to vacate the April 25, 2016 final decision and reopen the disciplinary proceeding. See Hayes v. Delamotte, 231 N.J. 373, 387 (2018) ("[I]t is well-settled that appeals are taken from orders and judgments and not from opinions, oral decisions, informal written decisions, or reasons given for the ultimate conclusion." (quoting Do-Wop Corp. v. City of Rahway, 168 N.J. 191, 199 (2001))). We have not considered the merits of either Newsom's res judicata and collateral estoppel claims or the Commission's March 16, 2020 decision affirming the ALJ's denial of summary disposition motion, and we express no opinion on them.[6]

---

[6] We note we would otherwise be unable to address the merits of Newsom's premature motion for summary disposition because he fails to include the

Affirmed in part, vacated in part, and remanded for further proceedings in accordance with this opinion. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

---

complete motion record presented to the ALJ and Commission in the appendix on appeal. See R. 2:6-1(a)(1)(I). For example, Newsom's motion was supported by a certification of his counsel that is not included in the appendix. In addition, the ALJ's February 14, 2020 decision following the remand refers to numerous exhibits and transcripts of testimony that were submitted by the parties in support of, and in opposition to, Newsom's motion for summary disposition, but not all of those those exhibits and transcripts are included in the record on appeal. See Cmty. Hosp. Grp., Inc., 381 N.J. Super. at 127; Soc'y Hill Condo. Ass'n, 347 N.J. Super. 163, 177-78.