**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3410-19

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

SAMUEL GIBSON,

    Defendant-Appellant.

_____

Submitted January 4, 2022 – Decided January 10, 2022

Before Judges Fisher and DeAlmeida.

On appeal from the Superior Court of New Jersey, Law Division, Hudson County, Indictment No. 19-01-0073.

Joseph E. Krakora, Public Defender, attorney for appellant (Stefan Van Jura, Assistant Deputy Public Defender, of counsel and on the brief).

Esther Suarez, Hudson County Prosecutor, attorney for respondent (Stephanie Davis Elson, Assistant Prosecutor, on the brief).

PER CURIAM

During a pretrial suppression hearing, the trial judge found credible a police officer who testified about his surveillance of a residence on Kennedy Boulevard in Jersey City on October 26, 2018. The officer observed a man, later identified as defendant, exit the residence and enter a Chevy Impala, which the officer observed as it came to a stop on Linden Avenue. The officer continued to watch as defendant exited his Impala, approached a Buick, and handed the Buick's driver "small objects in exchange for money." The officer acknowledged he did not know what defendant handed the Buick's driver, but he was certain he saw the Buick's driver hand money to defendant. When the two vehicles drove off, the officer directed his colleagues to stop the Buick because he believed he had just witnessed a narcotics transaction.

Other officers stopped the Buick and approached the driver, who was holding in his hand forty-nine bags of heroin. Armed with that information, other officers stopped the Impala and arrested defendant, who was in possession of $521 in cash but no drugs.

The officers returned to the Kennedy Boulevard residence. Defendant's uncle answered the door to his apartment and at the officers' request signed a consent form for a search of defendant's bedroom, where officers found 185 glassine bags of heroin and thirty-seven vials of cocaine.

A-3410-19

Defendant moved to suppress the evidence seized.[1] The trial judge, by way of a written decision, denied the motion to suppress evidence seized from the Buick but granted the motion to suppress the evidence seized from the Kennedy Boulevard residence.[2] In denying the former aspect of the motion, the judge explained that "the totality of the circumstances" gave the officers a "reasonable suspicion" to stop the Buick.

Pursuant to a negotiated plea agreement, defendant pleaded guilty to one count of third-degree possession of a controlled dangerous substance. N.J.S.A. 2C:35-10(a)(1). He was sentenced to a three-year prison term and the other charges were dismissed.

Defendant appeals, arguing only that police lacked a reasonable suspicion to stop the Buick. In applying our familiar standard of review, see State v. Reece, 222 N.J. 154, 166-67 (2015), we defer to the judge's finding as to what occurred. But the facts as found – that the officer saw a hand-to-hand transaction and believed from what he saw that he had witnessed a narcotics transaction based

---

[1]  Prior to the hearing, the judge denied a motion to disclose the identity of a source that allegedly gave police information about defendant's involvement in illegal narcotics activities.

[2]  The State has not filed a cross-appeal or otherwise sought our review of the suppression of evidence seized from the residence.

on his twelve years of experience in the field – is insufficient because the officer testified that he was unable to observe what it was that defendant gave the Buick's driver and there was no other evidence to support an inference that defendant or the Buick driver were engaged in a drug transaction or other criminal activity.

To conduct a legitimate traffic stop, a police officer must have a "reasonable and articulable suspicion of a traffic violation, the commission of a crime, or unlawful activity." State v. Alessi, 240 N.J. 501, 508 (2020). There being no suggestion that the Buick's movements violated some traffic law, we turn to the record created at the suppression hearing and the judge's findings to determine whether the officer had a reasonable and articulable suspicion that the vehicle or its occupants were involved in the commission of a crime or unlawful activity. The State, however, provided evidence only of the officer's experience, his observation of a hand-to-hand transaction in which one person handed over money and the other person handed over something that the officer could not identify, and the officer's good faith belief that he had witnessed a drug transaction. That is not enough. Unlike State v. Arthur, 149 N.J. 1, 11-12 (1997), on which the State predominantly relies, there was no testimony or evidence – let alone a finding from the judge – to suggest that this transaction occurred in

4

an area known for drug-trafficking. And there was no testimony or evidence –
or finding by the judge – that either defendant or the Buick driver made any
furtive movements.

The facts in Arthur that supported the Court's holding that the defendant's
vehicle was legitimately stopped were far more expansive than here. In Arthur,
a police officer observed an individual enter the defendant's car "on the
passenger side, sit next to defendant for a short time, and then exit the car with
a paper bag." Id. at 3. But, unlike here, the officer in Arthur also testified that
the witnessed event occurred in an area "known for high levels of narcotics
activity," and the individual who exited the defendant's vehicle with a paper bag
"engaged in furtive movements . . . [by] tr[ying] to conceal the bag that she had
obtained" from the defendant. Id. at 10.

All we have here is an experienced officer's good faith belief or hunch;
more was required to legitimize the stop of the Buick. Alessi, 240 N.J. at 518;
Arthur, 149 N.J. at 8. While it is true, as in Arthur, an officer need not actually
witness the passage of drugs during a hand-to-hand transaction, other inferences
must be presented to justify the conclusion that "a defendant's actions are more
consistent with innocence than guilt." Alessi, 240 N.J. at 519; Arthur, 149 N.J.
at 11. The State failed to provide any evidence to justify the inference that was

justified in <u>Arthur</u>. Without other corroborating circumstances, such as the area being known for a high level of drug-trafficking or the furtive movements of either defendant or the Buick driver, what the officer saw was just as consistent with innocence as with guilt. We conclude the trial judge erred in determining that police had a reasonable suspicion of criminal activity when stopping the Buick.

We lastly note that the State argues in its merits brief that if we find the evidence insufficient, we should remand for additional findings. We reject this too.

The record on appeal reveals that at the beginning of the suppression hearing the prosecutor attempted to elicit from the police officer the reasons why he was surveilling defendant. Because the judge had previously denied a defense motion to obtain the identity of the individual who allegedly provided police with information about defendant, counsel objected:

> [THE PROSECUTOR]: I'd like to draw your attention to a few days prior to October 26, 2018. On those dates you received information from a street source in regard[] to drug activity?
>
> [DEFENSE COUNSEL]: I have an objection as to any line of questioning regarding the source. I think the court has ruled that there are observations that are the center of this motion. The fact that I don't have an opportunity to cross examine that individual or perform

6

further investigation because my motion to recall the identity of this CI was denied, making it impossible for me to investigate that issue. So I'd ask that any questions regarding the CI not be allowed.

THE COURT: Well [the prosecutor] can ask [the officer] how he came upon the information or how he set up sur – you can get to the point of surveillance because I don't think it's material. You could start from the surveillance point.

Q. What if anything did the source tell you in relation to this?

[DEFENSE COUNSEL]: Objec –

THE COURT: Sustained.

[THE PROSECUTOR]: Well that's how we get to the surveillance point.

THE COURT: He set up surveillance, let's start from there.

And from there, the prosecutor elicited only testimony from the officer as to what he saw and what he and his colleagues did from the time he began surveilling defendant that night.

Perhaps recognizing the insufficiency of the evidence it elicited at the hearing, the State now argues, in essence, that the judge's above ruling was erroneous and that the judge should have considered information from the

A-3410-19

officer's source and made additional findings for which we should now remand. We disagree.

First, the allegation that the judge erred during the course of the hearing in making evidence rulings or that the judge's findings were incomplete and a remand is necessary is not before us because the State did not cross-appeal. While a respondent may always argue other grounds, so long as they were asserted in the trial court, on which the judge did not rely in seeking the upholding of the order or judgment under review – because appeals are from orders, not opinions, see Do-Wop Corp. v. City of Rahway, 168 N.J. 191, 199 (2001) – a respondent must file a defensive cross-appeal to pursue an appellate remedy other than affirmance, see Smith-Bozarth v. Coalition Against Rape & Abuse, Inc., 329 N.J. Super. 238, 244 n.1 (App. Div. 2000). In other words, a cross-appeal is not a prerequisite for consideration of a respondent's argument of other reasons for sustaining an order under review. See, e.g., State v. Siciliano, 21 N.J. 249, 260 (1956). A cross-appeal is, however, necessary when a respondent seeks relief other than an affirmance of the order under review. State v. Lefante, 14 N.J. 584, 590 (1954).

Second, even if the State had filed a cross-appeal, we could not simply remand to the trial judge for additional findings about what the street source told

the officer that prompted the surveillance of defendant, as the State argues. There was no testimony or other evidence about the source or the information provided from which the judge could make additional findings.

And third, we are satisfied the judge soundly exercised her discretion in barring the officer from revealing information he received from the unidentified, out-of-court source. Although, as a general matter, the rules of evidence may be relaxed at preliminary hearings, N.J.R.E. 101(a)(3)(E), in this case – as in many others – the preliminary hearing "determine[d] the accused's fate." United States v. Wade, 388 U.S. 218, 235 (1967). In many instances, like here, the preliminary hearing is a crucial proceeding and the elicitation of inadmissible hearsay that handcuffs the defendant's ability to investigate, respond or cross-examine, would constitute an abuse of discretion. An insistence on the application of the rules of evidence is more than appropriate in such a circumstance; indeed, a stricter application of the rules is likely required by constitutional principles, as we have previously recognized. See State v. Bacome, 440 N.J. Super. 228, 239 n.7 (App. Div. 2015), rev'd on other grounds, 228 N.J. 94 (2017).

For these reasons, and because it would also be unfair to defendant to allow the State a second chance to make its case against suppression when the State deliberately chose not to reveal its source or call its source to testify at the

hearing, see State v. Witt, 223 N.J. 409, 419 (2015), we reject the State's argument that we should remand for additional findings from the judge based on information not revealed at the suppression hearing.

The order denying defendant's motion to suppress evidence seized from the Buick is reversed and, for that reason, the judgment of conviction is vacated, the charges dismissed as part of the negotiated plea agreement are reinstated, and the matter remanded to the trial court for all further appropriate proceedings.

Reversed and remanded. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION